**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                                        (State)

Case number (*If known*): _____ Chapter __11__

❑ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**                 Emergent Fidelity Technologies Ltd
   _____

2. **All other names debtor used**   _____
   **in the last 8 years**           _____
                                      _____
   Include any assumed names,         _____
   trade names, and *doing business*  _____
   *as* names

3. **Debtor's federal Employer**     ___ ___ ___ – ___ ___ ___ ___ ___ ___ ___
   **Identification Number** (EIN)

   \* The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission.

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | Unit 3B, Bryson's Commercial Complex | |
   | Number       Street | Number       Street |
   | Friars Hill Road | P.O. Box |
   | St. John's | City                State      ZIP Code |
   | City                State      ZIP Code | **Location of principal assets, if different from principal place of business** |
   | Antigua and Barbuda | |
   | County | Number       Street |
   | | |
   | | City                State      ZIP Code |

5. **Debtor's website** (URL)        _____

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)*_____ |
|---|---|---|
| | Name | |

**6. Type of debtor**

- ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding  LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>   <u>2</u>   <u>3</u>   <u>9</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

Debtor    Emergent Fidelity Technologies Ltd _____    Case number (if known) _____
          Name

---

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ☒ No

    ☐ Yes.  District _____  When _____  Case number _____
                                            MM / DD / YYYY

             District _____  When _____  Case number _____
                                            MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.  Debtor   See Exhibit A _____    Relationship _____

             District _____    When _____
                                                               MM / DD / YYYY

             Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?**  (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                Number        Street

                                _____

                                _____    _____
                                City                                   State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

**Statistical and administrative information**

---

| Debtor | Emergent Fidelity Technologies Ltd | | Case number (if known) |
|---|---|---|---|
| | Name | | |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/03/2023
MM / DD / YYYY

✗ _____          Angela Barkhouse
Signature of authorized representative of debtor      Printed name

Title Joint Provisional Liquidator of Emergent Fidelity Technologies Ltd

---

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ /s/ Jody C. Barillare

Signature of attorney for debtor

Date 02/03/2023

MM / DD / YYYY

Jody C. Barillare

Printed name

Morgan, Lewis & Bockius LLP

Firm name

1201 N. Market Street, Suite 2201

Number        Street

Wilmington                                      DE        19801

City                                                  State      ZIP Code

302-574-7294                          jody.barillare@morganlewis.com

Contact phone                          Email address

5107                                      DE

Bar number                            State

**EXHIBIT A**

**Pending Bankruptcy Cases Filed by The Debtor Affiliates**

On November 11 and 14, 2022, the following affiliates of the Debtor have filed voluntary petitions for relief under chapter 11 with the United States Bankruptcy Court for the District of Delaware, jointly administered under the case assigned to the chapter 11 case of FTX Trading Ltd. (Case No. 22-11068-JTD).

1. Alameda Aus Pty Ltd
2. Alameda Global Services Ltd.
3. Alameda Research (Bahamas) Ltd
4. Alameda Research Holdings Inc.
5. Alameda Research KK
6. Alameda Research LLC
7. Alameda Research Ltd
8. Alameda Research Pte Ltd
9. Alameda Research Yankari Ltd
10. Alameda TR Ltd
11. Alameda TR Systems S. de R. L.
12. Allston Way Ltd
13. Analisya Pte Ltd
14. Atlantis Technology Ltd.
15. Bancroft Way Ltd
16. Blockfolio, Inc.
17. Blue Ridge Ltd
18. Cardinal Ventures Ltd
19. Cedar Bay Ltd
20. Cedar Grove Technology Services, Ltd
21. Clifton Bay Investments LLC
22. Clifton Bay Investments Ltd
23. Cottonwood Grove Ltd
24. Cottonwood Technologies Ltd.
25. Crypto Bahamas LLC
26. DAAG Trading, DMCC
27. Deck Technologies Holdings LLC
28. Deck Technologies Inc.
29. Deep Creek Ltd
30. Digital Custody Inc.
31. Euclid Way Ltd
32. FTX (Gibraltar) Ltd
33. FTX Canada Inc
34. FTX Certificates GmbH

35. FTX Crypto Services Ltd.
36. FTX Digital Assets LLC
37. FTX Digital Holdings (Singapore) Pte Ltd
38. FTX EMEA Ltd.
39. FTX Equity Record Holdings Ltd
40. FTX EU Ltd.
41. FTX Europe AG
42. FTX Exchange FZE
43. FTX Hong Kong Ltd
44. FTX Japan Holdings K.K.
45. FTX Japan K.K.
46. FTX Japan Services KK
47. FTX Lend Inc.
48. FTX Marketplace, Inc.
49. FTX Products (Singapore) Pte Ltd
50. FTX Property Holdings Ltd
51. FTX Services Solutions Ltd.
52. FTX Structured Products AG
53. FTX Switzerland GmbH
54. FTX Trading GmbH
55. FTX Trading Ltd
56. FTX TURKEY TEKNOLOJİ VE TİCARET ANONİM ŞİRKET
57. FTX US Services, Inc.
58. FTX US Trading, Inc
59. FTX Ventures Ltd
60. FTX Zuma Ltd
61. GG Trading Terminal Ltd
62. Global Compass Dynamics Ltd.
63. Good Luck Games, LLC
64. Goodman Investments Ltd.
65. Hannam Group Inc
66. Hawaii Digital Assets Inc.
67. Hilltop Technology Services LLC
68. Hive Empire Trading Pty Ltd
69. Innovatia Ltd
70. Island Bay Ventures Inc
71. Killarney Lake Investments Ltd
72. Ledger Holdings Inc.
73. LedgerPrime Bitcoin Yield Enhancement Fund, LLC
74. LedgerPrime Bitcoin Yield Enhancement Master Fund LP
75. LedgerPrime Digital Asset Opportunities Fund, LLC
76. LedgerPrime Digital Asset Opportunities Master Fund LP
77. Ledger Prime LLC

78.    LedgerPrime Ventures, LP
79.    Liquid Financial USA Inc.
80.    LiquidEX LLC
81.    Liquid Securities Singapore Pte Ltd
82.    LT Baskets Ltd.
83.    Maclaurin Investments Ltd.
84.    Mangrove Cay Ltd
85.    North Dimension Inc
86.    North Dimension Ltd
87.    North Wireless Dimension Inc
88.    Paper Bird Inc
89.    Pioneer Street Inc.
90.    Quoine India Pte Ltd
91.    Quoine Pte Ltd
92.    Quoine Vietnam Co. Ltd
93.    SNG INVESTMENTS YATIRIM VE DANIŞMANLIK ANONİM ŞİRKETİ
94.    Strategy Ark Collective Ltd.
95.    Technology Services Bahamas Limited
96.    Verdant Canyon Capital LLC
97.    West Innovative Barista Ltd.
98.    West Realm Shires Financial Services Inc.
99.    West Realm Shires Inc.
100.   West Realm Shires Services Inc.
101.   Western Concord Enterprises Ltd.
102.   Zubr Exchange Ltd

**EMERGENT FIDELITY TECHNOLOGIES LTD**
**UNANIMOUS WRITTEN CONSENT OF JOINT PROVISIONAL LIQUIDATORS**
<u>February 3</u>, **2023**

THE UNDERSIGNED, Angela Barkhouse and Toni Shukla, who constitute all of the persons appointed as Joint Provisional Liquidators (the "<u>JPLs</u>") of *Emergent Fidelity Technologies Ltd*, a company formed under the laws of Antigua and Barbuda (the "<u>Company</u>"), by that certain order of The Eastern Caribbean Supreme Court in the High Court of Justice, Antigua and Barbuda (the "<u>Antigua Court</u>"), entered on December 5, 2022 (the "<u>Court Order</u>"), a copy of which is attached hereto as <u>Exhibit A</u>, do hereby unanimously agree with and consent to the following resolutions, which shall have immediate effect and shall be acted upon forthwith.

WHEREAS, the JPLs, acting pursuant to the Court Order and the International Business Corporations Act, Cap. 222 (the "<u>Act</u>"), specifically s.308(1)(a)-(g) of the Act, have considered the financial and operational aspects of the Company's business and the multitude of competing claims of creditors, interest holders, and other interested parties with respect to the Company and its assets;

WHEREAS, the JPLs have each analyzed the financial and strategic alternatives available to the Company and the facts and circumstances that led to the commencement of the legal actions in the Antigua Court (Claim Nos. ANUHCV 2022/0480 and 0456) and the entry of the Court Order, including, without limitation (a) the positions of the parties that have appeared in such actions in the Antigua Court, (b) options available under the legal systems of Antigua and Barbuda where the Company is organized and in the United States where its primary assets are located and are being held by the United States Department of Justice, (c) the bankruptcies of certain affiliates of the Company (the "<u>FTX Debtors</u>"), (d) the legal actions taken against Samuel Bankman-Fried, the person who had previously controlled the Company through his direct and indirect equity interests in the Company, and (e) the impact of all of the foregoing on the Company's business and its multitude of stakeholders;

WHEREAS, in light of the foregoing, the Company will file a voluntary petition for relief (the "<u>Petition</u>") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") (the "<u>Chapter 11 Case</u>" and the "<u>Filing</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"); and

WHEREAS, the JPLs have reviewed the Petition, the declaration in support of the Filing, and the other documents that the Company anticipates filings with the Petition.

**A. Voluntary Petition under Chapter 11 of the Bankruptcy Code**

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the JPLs, it is desirable and in the best interests of the Company and its creditors, equity holders, and other interested parties to preserve the value of the Company's assets for the benefit of its legitimate stakeholders and any other interested parties that the Petition be filed on behalf of the Company in the United States Bankruptcy Court for the District of Delaware where the affiliated FTX Debtors have pending Chapter 11 cases for the purpose of obtaining relief under Chapter 11 of the United States Bankruptcy Code where the Company's assets are being held;

FURTHER RESOLVED, that Angela Barkhouse and Toni Shukla (the "<u>Authorized Persons</u>") are authorized (either individually or together) on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers, plan(s) of reorganization or liquidation, financing documents,

and other documents in connection with the Chapter 11 Case (the "Bankruptcy Documents") and to take and perform any and all further actions and steps that any such Authorized Persons deem necessary, desirable and proper in connection with the Company's commencement and prosecution of the Chapter 11 Case, with a view to the successful resolution of such Case;

FURTHER RESOLVED, the JPLs hereby determine that the Bankruptcy Documents are necessary and appropriate to advance the purposes of the Chapter 11 Case as described herein and are advisable and in the best interests of the Company;

FURTHER RESOLVED, that the forms, terms and provisions of the Bankruptcy Documents and the schedules and exhibits attached thereto are, and each hereby is, approved with such changes and modifications thereto as may be deemed necessary or appropriate by the Authorized Persons, as conclusively evidenced by an Authorized Person's execution and delivery thereof; and

FURTHER RESOLVED, the JPLs hereby authorize, empower and direct the Company to perform its obligations under the Bankruptcy Documents and to take all actions in accordance therewith necessary to consummate bankruptcy-related transactions.

### B. Retention of Professionals

FURTHER RESOLVED, that the Authorized Persons, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis") as bankruptcy counsel to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Persons are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of Morgan Lewis; and

FURTHER RESOLVED, that the Authorized Persons of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the Filing, and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper.

### C. General Authority

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized on behalf of the Company to take any and all actions and steps deemed by any such Authorized Person to be necessary or desirable to develop, file and prosecute confirmation of a Chapter 11 plan of reorganization or liquidation and related disclosure statement;

FURTHER RESOLVED, that all such other acts or things which would cause the transactions contemplated by these resolutions to be consummated and performed be, and hereby are, authorized, approved and adopted;

FURTHER RESOLVED, that any actions taken by the JPLs prior to the date of these resolutions that are within the authority conferred hereby are ratified, confirmed and approved as the act and deed of the Company;

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the transactions contemplated by these resolutions to be consummated and performed in the manner provided therein and from time to time to do, or cause to be done, all such other acts or things, and to execute and deliver all such agreements, instruments, certificates and other documents, and to affix and attest thereto, or cause to be done affixed and attested thereto, the corporate seal of the Company as any Authorized Person shall deem in its sole discretion desirable to carry out the purposes and intents of any of the foregoing resolutions; and

FURTHER RESOLVED, that the signing by any Authorized Person of any of the documents or instruments referred to in or contemplated by the foregoing resolutions or the taking by it of any actions to carry out the foregoing shall conclusively establish (i) such Authorized Person's authority to do so from the Company, (ii) such Authorized Person's determination of the propriety and the necessity, appropriateness or advisability of such documents or instruments and the actions contemplated thereby, and (iii) the approval and ratification by the Company of the documents and instruments so signed and the actions referred to therein or contemplated thereby.

IN WITNESS WHEREOF, each of the undersigned has caused this *Unanimous Written Consent of the Joint Provisional Liquidators* to be duly executed as of the date set forth above.

_____February 3_____, 2023

**ANGELA BARKHOUSE**, solely in her capacity as Joint Provisional Liquidator of *Emergent Fidelity Technologies Ltd*

_____

**TONI SHUKLA**, solely in her capacity as Joint Provisional Liquidator of *Emergent Fidelity Technologies Ltd*

_____

_____

3

**EXHIBIT A**

**THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**ANTIGUA AND BARBUDA**

**CLAIM NO. ANUHCV 2022/0480**

**IN THE MATTER OF EMERGENT FIDELITY TECHNOLOGIES LTD**
**AND IN THE MATTER OF THE INTERNATIONAL BUSINESS CORPORATIONS ACT, CAP. 222**

**BETWEEN:**

**ANGELA BARKHOUSE AND TONI SHUKLA**
**(AS RECEIVERS OF SHARES IN EMERGENT FIDELITY TECHNOLOGIES LTD)**

**Petitioners / Applicants**

**-and-**

**EMERGENT FIDELITY TECHNOLOGIES LTD**

**Respondent**

---

**DRAFT ORDER**

---

| | |
|---|---|
| **BEFORE:** | **The Honourable Justice Darshan Ramdhani KC (Ag.)** |
| **DATED:** | **5 December 2022** |
| **ENTERED:** | **December 2022** |

**UPON** the Applicants on 2 December 2022 having filed a Petition to wind up the Respondent under the provisions of the International Business Corporations Act, Cap. 222 (the "**Act**");

**AND UPON** the Applicants' application dated 2 December 2022 for an order that Angela Barkhouse and Toni Shukla be appointed as joint provisional liquidators of the Respondent, pending the determination of the Petition;

**AND UPON READING** the affidavit of Angela Barkhouse and the exhibit thereto;

**AND UPON HEARING** Kendrickson H. Kentish, counsel for the Applicants;

**IT IS ORDERED THAT:**

1.  Angela Barkhouse, of Quantuma (Cayman) Ltd, Suite N404, Flagship Building, 142 Seafarers Way, George Town, Grand Cayman, Cayman Islands, and Toni Shukla, of Quantuma (BVI) Ltd, Coastal Building, Wickhams Cay II, Road Town, Tortola, British Virgin Islands (the "**Provisional Liquidators**") are appointed as joint provisional liquidators of the Respondent.

2.  The purposes of the Provisional Liquidators' appointment are to investigate the Respondent's affairs and to preserve the value of the Respondent's assets for the benefit of those entitled to them, pending the determination of the Petition to wind up the Respondent.

3.  The Provisional Liquidators have all the powers of a liquidator under s.308(1)(a)-(g) of the Act as may be necessary for these purposes, to:

    (a)  retain solicitors, accountants, engineers, appraisers and other professional advisers;

    (b)  bring, defend or take part in any civil, criminal or administrative action or proceeding in the name and on behalf of the Respondent;

    (c)  carry on the business of the Respondent as required for all orderly liquidation save that they shall not sell any property of the Respondent, or borrow money on the security of the property of the Respondent, or settle or compromise any claims by or against the Respondent without leave of the Court;

    (d)  do all acts and execute any documents in the name and on behalf of the Respondent; and

4.  Subject to paragraph 3, the powers of the Provisional Liquidators in paragraph 3 above shall include the powers to:

    (a)  Exercise any and all rights that the Respondent may have as a shareholder in any company, or any other rights that the Respondent may have in any other entity or business structure, including but not limited to exercising any voting rights in any subsidiary(ies) of the Respondent to appoint themselves or their nominee(s) as director(s) of any such subsidiary(ies);

    (b)  Retain attorneys and act in any foreign jurisdiction on behalf of the Respondent as permitted by the applicable foreign law, including commencing legal proceedings in their own names or in the name and on behalf of the Respondent for the recognition of their appointment by this Court or for their appointment (whether or not with any co-appointee(s)) by the foreign court, or for orders in aid of the Respondent's liquidation or for the assistance of the foreign court in the carrying out of their duties as Liquidators, including but not limited to proceedings under Chapter 15 of the United States Bankruptcy Code;

(c)  Subject to the prior approval of the Court, sell, realise and/or otherwise monetise the Respondent's shares in Robinhood Markets, Inc.; and

(d)  Subject to the prior approval of the Court, obtain funding on commercial terms for the performance of their duties, including in connection with any legal proceedings for which funding is permitted under the applicable law.

5.  The Provisional Liquidators are not required to give security for their appointment.

6.  The Provisional Liquidators are entitled to reasonable remuneration for their time spent in the performance of their duties, such remuneration to be assessed by the Court.

7.  The Provisional Liquidators are entitled to be indemnified for their remuneration and expenses from the Respondent's assets.

8.  No suit, action or other proceeding be commenced or continued against the Respondent or in respect of its assets, except with the leave of the Court and subject to such terms as the Court may impose.

9.  Without prejudice to paragraph 8 above, all claims brought against the Respondent in this jurisdiction are stayed, including Claim No. ANUHVC2022/0456.  This is without prejudice to the right of any party to any such proceedings to apply to the Court to lift the stay in whole or in part.

10.  The application be listed for a further hearing on Tuesday 13 December 2012 at 8.30 am.

11.  Anyone served with or notified of this Order may apply to the Court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Applicants' legal practitioners. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicants' legal practitioners in advance.

12.  The costs of this application are reserved.

**BY THE COURT**

_____   **approved**


**REGISTRAR**

**THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**ANTIGUA AND BARBUDA**

**CLAIM NO. ANUHCV 2022/0480**

**IN THE MATTER OF EMERGENT FIDELITY**
**TECHNOLOGIES LTD**
**AND IN THE MATTER OF THE INTERNATIONAL**
**BUSINESS CORPORATIONS ACT, CAP. 222**

**BETWEEN:**

**ANGELA BARKHOUSE AND TONI SHUKLA**
**(AS RECEIVERS OF SHARES IN EMERGENT**
**FIDELITY TECHNOLOGIES LTD)**
                                          **Petitioner / Applicants**
                    **-and-**

**EMERGENT FIDELITY TECHNOLOGIES LTD**
                                                    **Respondent**

_____

**DRAFT ORDER**

_____

**Lake, Kentish & Bennett Inc.**
**Temple Chambers**
**36 Long St**
**St John's**
**Antigua**
**Tel: +1 268 462 1012**
**Fax: +1 268 462 2568**

**Legal Practitioners for the Petitioners**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Emergent Fidelity Technologies Ltd, | ) Case No. 23-_____  (___) |
| | ) |
| Debtor.[1] | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Emergent Fidelity Technologies Ltd (the "Debtor"), as debtor and debtor in possession in the above-referenced chapter 11 case, respectfully represents as follows:

1.      There is no parent corporation or publicly held corporation that has been identified owning 10% or more of the equity or membership interests of the Debtor.

---

[1] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission.  The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Emergent Fidelity Technologies Ltd, | ) | Case No. 23-_____  (___) |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holder(s), which is prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| DEBTOR | NAME AND ADDRESS OF EQUITY HOLDER | PERCENTAGE OF EQUITY HELD |
|---|---|---|
| Emergent Fidelity Technologies Ltd | Samuel Bankman-Fried<br>27 Veridian<br>Corporate Center<br>Western Road<br>Nassau, Bahamas<br><br>167 N Green Street,<br>Floor 11, Suite 2<br>Chicago, IL 60607 | 90% |
| Emergent Fidelity Technologies Ltd | Zixiao "Gary" Wang<br>304 Island Ln<br>Egg Harbor Township, NJ 08234 | 10% |

---

[1] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission.  The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**Fill in this information to identify the case:**

Debtor name _Emergent Fidelity Technologies Ltd_

United States Bankruptcy Court for the: _____ District of _Delaware_
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BlockFi Inc. 201 Montgomery Street, Suite 263 Jersey City, NJ 07302 | Haynes and Boone LLP Attn: Richard S. Kanowitz +1 212 659 7300 richard.kanowitz@haynesboone.com | Alleged secured claim that is the subject of an adversary proceeding in the New Jersey Bankruptcy Court and also subject to potential avoidance | Contingent, Unliquidated, and Disputed | $660,000,000.00* | $650,864,260.27** | $9,135,739.73* |
| 2 | BlockFi Lending LLC 201 Montgomery Street, Suite 263 Jersey City, NJ 07302 | Haynes and Boone LLP Attn: Richard S. Kanowitz +1 212 659 7300 richard.kanowitz@haynesboone.com | Alleged secured claim that is the subject of an adversary proceeding in the New Jersey Bankruptcy Court and also subject to potential avoidance | Contingent, Unliquidated, and Disputed | $660,000,000.00* | $650,864,260.27** | $9,135,739.73* |
| 3 | BlockFi International LLC 201 Montgomery Street, Suite 263 Jersey City, NJ 07302 | Haynes and Boone LLP Attn: Richard S. Kanowitz +1 212 659 7300 richard.kanowitz@haynesboone.com | Alleged secured claim that is the subject of an adversary proceeding in the New Jersey Bankruptcy Court and also subject to potential avoidance | Contingent, Unliquidated, and Disputed | $660,000,000.00* | $650,864,260.27** | $9,135,739.73* |
| 4 | Hazoor Digital Assets Fund, LP 9390 Research Blvd, Bldg. 2, Suite 110 Austin, TX 78759 | Darsh Singh | Potential litigation claim | Contingent, Unliquidated, and Disputed | | | $3,355,145.96 |
| 5 | Yonatan Ben Shimon Zabutinski 8 Tel Aviv, Israel 4336310 | | Litigation claim subject to Antiguan proceedings | Contingent, Unliquidated, and Disputed | | | $3,500,000.00 |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

\* This reflects the aggregate amount of the claims of the BlockFi entities on this list and has not been allocated among the individual BlockFi entities. The Debtor disputes such claims in all respects.

.** The value of the property that the BlockFi entities allege constitutes collateral securing their claims, as determined on an aggregate basis, is approximately $650,864,260.27 as of February 3, 2023. The Debtor disputes the secured status of the claims in all respects, including, without limitation, the validity, scope, and perfection of the liens on or security interests in the property.

Debtor    Emergent Fidelity Technologies Ltd
          _____
          Name

Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

\* This reflects the aggregate amount of the claims of the BlockFi entities on this list and has not been allocated among the individual BlockFi entities. The Debtor disputes such claims in all respects.

\*\* The value of the property that the BlockFi entities allege constitutes collateral securing their claims, as determined on an aggregate basis, is approximately $650,864,260.27 as of February 3, 2023.  The Debtor disputes the secured status of the claims in all respects, including, without limitation, the validity, scope, and perfection of the liens on or security interests in the property.

**Fill in this information to identify the case and this filing:**

Debtor Name _Emergent Fidelity Technologies Ltd_

United States Bankruptcy Court for the: _____ District of _Delaware_
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration _Corporate Ownership Statement Pursuant to Fed. R. Bankr. P. 1007 and 7007.1; List of Equity Security Holders_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _02/03/2023_        ✗ _____
                MM / DD / YYYY          Signature of individual signing on behalf of debtor

                Angela Barkhouse
                Printed name

                Joint Provisional Liquidator of Emergent Fidelity Technologies Ltd
                Position or relationship to debtor

BLOCKFI INC. AND AFFILIATES
ATTN: ZAC PRINCE
201 MONTGOMERY STREET, SUITE 263
JERSEY CITY, NJ 07302

COLE SCHOTZ P.C.
ATTN: MICHAEL D. SIROTA
COURT PLAZA NORTH
25 MAIN STREET
HACKENSACK, NJ 07601

HAYNES AND BOONE, LLP
ATTN: RICHARD S. KANOWITZ
30 ROCKEFELLER PLAZA, FLOOR 26
NEW YORK, NY 10112

KIRKLAND & ELLIES LLP
ATTN: JOSHUA A. SUSSBERG, P.C.
KIRKLAND & ELLIS INTERNATIONAL LLP
601 LEXINGTON AVENUE
NEW YORK, NY 10022

DELAWARE STATE TREASURY
820 SILVER LAKE BLVD., SUITE 100
DOVER, DE 19904

RICHARDS, LAYTON & FINGER, P.A.
ATTN: KEVIN GROSS
920 N. KING STREET
WILMINGTON, DE 19801

WHITE & CASE LLP
ATTN: JESSICA C. LAURIA
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

WHITE & CASE LLP
ATTN: THOMAS E. LAURIA
200 SOUTH BISCAYNE BOULEVARD, SUITE 4900
MIAMI, FL 33131

LANDIS RATH & COBB LLP
ATTN: ADAM G. LANDIS
919 MARKET STREET, SUITE 1800
WILMINGTON, DE 19801

LANDIS RATH & COBB LLP
ATTN: KIMBERLY A. BROWN
919 MARKET STREET, SUITE 1800
WILMINGTON, DE 19801

SULLIVAN & CROMWELL LLP
ATTN: ANDREW DIETDERICH
125 BROAD STREET
NEW YORK, NY 10004

SULLIVAN & CROMWELL LLP
ATTN: BRIAN D. GLUECKSTEIN
125 BROAD STREET
NEW YORK, NY 10004

FULCRUM DISTRESSED PARTNERS LIMITED
ATTN: MIREYA LIZARO
111 CONGRESS AVENUE, SUITE 2550
AUSTIN, TX 78701-4044

HAZOOR DIGITAL ASSETS FUND, LP
ATTN: DARSH SINGH
9390 RESEARCH BLVD, BLDG. 2, SUITE 110
AUSTIN, TX 78759

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, & POPEO, P.C
ATTN: THERESE M. DOHERTY
919 THIRD AVENUE
NEW YORK, NY 10022

MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
ATTN: EDWARD L. SCHNITZER
437 MADISON AVENUE, 24TH FLOOR
NEW YORK, NY 10022

BROWN RUDNICK LLP
ATTN: ROBERT J. STARK
SEVEN TIMES SQUARE
NEW YORK, NY 10036

GENOVA BURNS LLC
ATTN: DANIEL M. STOLZ
110 ALLEN ROAD, SUITE 304
BASKING RIDGE, NJ 07920

ROBINHOOD MARKETS, INC.
ATTN: RYNE MILLER
60 BROAD STREET, SUITE 2501
NEW YORK, NY 10004

ROBINHOOD MARKETS, INC.
ATTN: VIKRAM GROVER
85 WILLOW ROAD
MENLO PARK, CA 94025

ROBINHOOD MARKETS, INC.
C/O INCORPORATING SERVICES, LTD.
7801 FOLSOM BLVD. # 202
SACRAMENTO, CA 95826

SAMUEL BENJAMIN BANKMAN-FRIED
27 VERIDIAN CORPORATE CENTER
WESTERN ROAD
NASSAU, BAHAMAS

SAMUEL BENJAMIN BANKMAN-FRIED
167 N GREEN STREET, FLOOR 11, SUITE 2
CHICAGO, IL 60607

SECURITIES & EXCHANGE COMMISSION
SECRETARY OF THE TREASURY
100 F STREET, NE
WASHINGTON, DC 20549

SECURITIES & EXCHANGE COMMISSION
ATTN: ANDREW CALAMARI, REGIONAL DIRECTOR
BROOKFIELD PLACE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

SECRETARY OF STATE
DIVISION OF CORPORATIONS
FRANCHISE TAX
P.O. BOX 898
DOVER, DE 19903

SECRETARY OF THE TREASURY
15TH AND PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20020

UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF DELAWARE – CIVIL DIVISION
1313 N MARKET STREET
WILMINGTON, DE 19801

UNITED STATES DEPARTMENT OF JUSTICE
ATTN: BENJAMIN A. HACKMAN
J. CALEB BOGGS FEDERAL BUILDING
844 KING STREET, SUITE 2207, Lockbox 35
WILMINGTON, DE 19801

UNITED STATES DEPARTMENT OF JUSTICE
ATTN: SETH B. SHAPIRO
P.O. BOX 875, BEN FRANKLIN STATION
WASHINGTON, DC 20044-0875

UNITED STATES DEPARTMENT OF JUSTICE
ATTN: JULIET M. SARKESSIAN
J. CALEB BOGGS FEDERAL BUILDING
844 KING STREET, SUITE 2207, Lockbox 35
WILMINGTON, DE 19801

UNITED STATES DEPARTMENT OF JUSTICE
ATTN: DAVID GERARDI
1085 RAYMOND BOULEVARD, SUITE 2100
NEWARK, NJ 07102

YONATAN BEN SHIMON
ZABUTINSKI 8
TEL AVIV, ISRAEL 4336310

ZIXIAO GARY WANG
304 ISLAND LN
EGG HARBOR TOWNSHIP, NJ 08234

FRIED, FRANK, HARRIS, SHRIVER, AND JACOBSON LLP
ATTN: ILAN T. GRAFF
ONE NEW YORK PLAZA
NEW YORK, NY 10004