## **EXHIBIT A**

**Receivership Order**

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
ANTIGUA AND BARBUDA

CLAIM NO. ANUHCV 2022/

BETWEEN:

YONATAN BEN SHIMON

**Claimant / Applicant**

-and-

(1) EMERGENT FIDELITY TECHNOLOGIES LTD
(2) SAMUEL BENJAMIN BANKMAN-FRIED

**Defendants / Respondents**

---

DRAFT ORDER

---

PENAL NOTICE

If you **EMERGENT FIDELITY TECHNOLOGIES LTD** or **SAMUEL BENJAMIN BANKMAN-FRIED** fail to comply with the terms of this order, proceedings may be commenced against you for contempt of court and you may be liable to be imprisoned or to have an order of sequestration made in respect of your property.

Any other person who knows of this order and does anything which helps or permits the any of the Respondents to breach the terms of this order may also be held to be in contempt of court and may be imprisoned or to have an order of sequestration made in respect of their property.

**Before:** *Mr Justice Colin Williams*
**Dated:** *18th November 2022*
**Entered:**

**UPON** the ex parte application filed on 17 November 2022;

**AND UPON READING** the affirmation of Yonatan Ben Shimon dated 17 November 2022 and the exhibit thereto;

*Settled
Colin Williams
18th November 2022*

**AND UPON HEARING** counsel for the Applicant;

**AND UPON THE APPLICANT** giving the undertakings at Schedule A hereto.

**IT IS ORDERED THAT:**

THIS ORDER

1. This is a Freezing Injunction made against Emergent Fidelity Technologies Ltd and Samuel Benjamin Bankman-Fried (the "**Respondents**") on [     ] by [     ] on the application of Yonatan Ben Shimon (the "**Applicant**"). The Judge read the affirmation of the Applicant dated 17 November 2022 and accepted the undertakings set out in Schedule A at the end of this Order.

2. This order was made at a hearing without notice to the Respondents. The Respondents have a right to apply to the court to vary or discharge the order — see paragraph 14 below.

3. There will be a further hearing in respect of this order within 28 days (the "**Return Date**"), such date to be fixed by the Registrar on the application of the Applicant.

4. References in this order to the Respondents means all of them and this order is effective against any of the Respondents on whom it is served or who is given notice of it.

FREEZING INJUNCTION

5. Until the Return Date or further order, the First Respondent must not in any way cause or permit:

    (a) the removal from Antigua and Barbuda of any of its assets which are in Antigua and Barbuda up to the value of US$10,818,600; or

    (b) the disposal of, dealing with, encumbrance or diminution of the value of any of its assets whether they are in or outside Antigua and Barbuda up to the same value.

6. Until the Return Date or further order, the Second Respondent must not in any way cause or permit:

2

(a) the removal from Antigua and Barbuda of any of his equity and/or debt interests in the First Respondent which are in Antigua and Barbuda up to the value of US$10,818,600; or

(b) the disposal of, dealing with, encumbrance or diminution of the value of any of his equity and/or debt interests in the First Respondent whether they are in or outside Antigua and Barbuda up to the same value.

7. Paragraphs 5 and 6 apply to all of the Respondents' assets whether or not they are in the Respondents' own name, whether they are solely or jointly owned and whether the Respondents are interested in them legally or beneficially. For the purpose of this order the Respondents' assets include any asset which a Respondent has the power, directly or indirectly, to dispose of or deal with as if it were the Respondent's own. The Respondents are to be regarded as having such power if a third party holds or controls the property in accordance with the Respondents' direct or indirect instructions.

8. This prohibition includes the following assets in particular:

    (a) The First Respondent's shares in Robinhood Markets, Inc; and

    (b) The Second Respondent's majority ownership interest in the First Respondent.

9. (1) If the total value free of charges or other securities (the "**unencumbered value**") of a Respondent's assets in Antigua and Barbuda and subject to this Freezing Injunction exceeds US$10,818,600, that Respondent may remove any of those assets from Antigua and Barbuda or may dispose of or deal with them so long as the total unencumbered value of that Respondent's assets still in Antigua and Barbuda and subject to this Freezing Injunction remains above US$10,818,600.

(2) If the total unencumbered value of a Respondent's assets in Antigua and Barbuda and subject to this Freezing Injunction does not exceed US$10,818,600, that Respondent must not remove any of those assets from Antigua and Barbuda and must not dispose of or deal with any of them. If that Respondent has other assets outside Antigua and Barbuda, he may dispose of or deal with those assets outside Antigua and Barbuda so long as the total

unencumbered value of all his assets whether in or outside Antigua and Barbuda and subject to this Freezing Injunction remains above US$10,818,600.

PROVISION OF INFORMATION

10. (1) Unless paragraph (3) applies, the First Respondent must within 7 days of service of this order and to the best of its ability inform the Applicant's legal representatives of all its assets worldwide whether in its own name or not, whether solely or jointly owned and whether the First Respondent is interested in them legally or beneficially, giving the value, location and details of all such assets.

(2) Unless paragraph (3) applies, the First and Second Respondents must within 7 days of service of this order and to the best of their ability inform the Applicant's legal representatives of all equity and/or debt interests held by the Second Respondent in the First Respondent whether in his own name or not, whether solely or jointly owned and whether the Second Respondent holds those interests legally or beneficially, giving the value, location and details of all such assets.

(3) If the provision of any of this information is likely to incriminate the Respondents, they may be entitled to refuse to provide it, but is recommended to take legal advice before refusing to provide the information. Wrongful refusal to provide the information is contempt of court and may render the Respondents liable to be imprisoned, fined or have their assets seized.

11. Within 14 days after being served with this order, the Respondents must swear and serve on the Applicant's legal representatives affidavits setting out the above information.

EXCEPTIONS TO THIS ORDER

12. The order will cease to have effect if the Respondents:

    (a) Provide security by paying the sum of US$10,818,600 into court, to be held to the order of the court; or

    (b) Make provision for security in that sum by another method agreed with the Applicant's legal representatives.

4

COSTS

13. The costs of this application are reserved to the judge hearing the application on the Return Date.

VARIATION OR DISCHARGE OF THIS ORDER

14. Anyone served with or notified of this order may apply to the court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Applicant's legal representatives. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicant's legal representatives in advance.

INTERPRETATION OF THIS ORDER

15. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

16. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

PARTIES OTHER THAN THE APPLICANT AND RESPONDENTS

17. **Effect of this order**

It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of this order. Any person doing so may be imprisoned, fined or have their assets seized.

18. **Set off by banks**

This injunction does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to a Respondent before it was notified of this order.

19. **Withdrawals by the Respondent**

5

No bank need enquire as to the application or proposed application of any money withdrawn by a Respondent if the withdrawal appears to be permitted by this order.

20. **Persons outside Antigua and Barbuda**

(1) Except as provided in paragraph (2) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court.

(2) The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court:

   (a) The Respondents or their officers or agents appointed by power of attorney, and any director of the First Respondent;

   (b) any person who:

      (i) is subject to the jurisdiction of this court;

      (ii) has been given written notice of this order at his residence or place of business within the jurisdiction of this court; and

      (iii) is able to prevent acts or omissions outside the jurisdiction of this court which constitute or assist in a breach of the terms of this order; and

   (c) Any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

21. **Assets located outside Antigua and Barbuda**

Nothing in this order shall, in respect of assets located outside Antigua and Barbuda, prevent any third party from complying with:

   (a) What it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and a Respondent; and

*Settled*
*Colin Williams*
*18th November 202?*

6

(b) Any orders of the courts of that country or state, provided that reasonable notice of any application for such an order is given to the Applicant's legal representatives.

APPOINTMENT OF RECEIVERS

22. Until the Return Date or further order, Angela Barkhouse, of Quantuma (Cayman) Ltd, Suite N404, Flagship Building, 142 Seafarers Way, George Town, Grand Cayman, Cayman Islands, and Toni Shukla, of Quantuma (BVI) Ltd, Coastal Building, Wickhams Cay II, Road Town, Tortola, British Virgin Islands (the "**Receivers**") are appointed on an interim basis, for the purpose of preserving the value of the assets over which they are appointed, as joint receivers of:

   (a) All of the First Respondent's assets, whether they are in or outside Antigua and Barbuda; and

   (b) All of the Second Respondent's equity and/or debt interests in the First Respondent, whether they are in or outside Antigua and Barbuda, including but not limited to any shares in the First Respondent registered in the name of the Second Respondent.

23. The Receivers shall have, to the exclusion of the Second Respondent, all of the powers of a receiver in equity and/or under section 24(1) of the Eastern Caribbean Supreme Court Act (CAP. 143).

24. Without prejudice to paragraph 23 above, the Receivers shall have the power to exercise any voting rights in respect of any shares in the First Respondent registered in the name of the Second Respondent, or beneficially owned and controlled by the Second Respondent, to remove any director(s) of the First Respondent and to appoint themselves or their nominee(s) as director(s) of the First Respondent, whereupon the Receivers or their nominees shall have in their capacity as director(s) of the First Respondent all powers conferred on such directors by law and by the First Respondent's Memorandum and Articles of Association.

25. The Receivers are not required to give security for their appointment.

7

26. The Receivers are not required to file accounts but may from time to time report to the Court in relation to the conduct of the receivership.

27. The Receivers are entitled to reasonable remuneration for their time spent in the performance of their duties as receivers and (if so appointed) as directors of the First Respondent, such remuneration to be assessed *and approved* by the Court if not agreed by the parties.

28. The Receivers are entitled to be indemnified for their remuneration and expenses from the First Respondent's assets. Insofar as the Receivers' remuneration and expenses are paid by or on behalf of the Applicant, the Applicant is entitled to be indemnified for those amounts from the First Respondent's assets.

SERVICE

29. The Applicant is permitted to serve the claim form and all other documents in these proceedings on the Second Respondent out of the jurisdiction.

30. The Applicant is permitted to serve the claim form without a statement of claim.

31. The Applicant must file a statement of claim within 14 days.

32. The Second Respondent shall have 35 days from service on him of the statement of claim to file an acknowledgment of service.

33. The Second Respondent shall have 56 days from service on him of the statement of claim to file a defence.

34. The claim form and all other documents in these proceedings may be served on the Second Respondent by the alternative method of the Applicant or the Applicant's agent delivering it to the Second Respondent's US counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP.

35. The date on which service of the statement of claim shall be deemed to have been effected on the Second Respondent pursuant to paragraph 27 above shall be the date on which the Applicant or the Applicant's agent delivers it to the Second Respondent's US counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP.

8

36. The Applicant is permitted to enforce this order outside Antigua and Barbuda.

37. The court file in these proceedings shall be sealed, subject to the right of any person to apply to the Court for permission to inspect documents on the court file upon 7 days' notice to the Applicant's legal representatives.

COMMUNICATIONS WITH THE COURT

38. All communications to the court about this order should be sent to the court office, which is located at the Registry of the Supreme Court, High Street, Parliament Drive, St John's, Antigua; telephone +1 268 462 0609; fax +1 268 462 3929. The office is open between 8:30 a.m. and 4:30 p.m. from Monday to Friday except on public holidays.

NAME AND ADDRESS OF APPLICANT'S LEGAL REPRESENTATIVES

39. The Applicant's legal representatives are Lake, Kentish & Bennett Inc., Temple Chambers, 36 Long St, St John's, Antigua; telephone +1 268 462 1012; fax +1 268 462 2568.

**BY ORDER OF THE COURT**

_____

**REGISTRAR**

*Sealed*
*Colin Williams J*
*18th November 2022*

9

## SCHEDULE A

1. If the court later finds that this order has caused loss to the Respondents and decides that the Respondents should be compensated for that loss, the Applicant will comply with any order which the court may make.

2. The Applicant will serve upon the Respondents together with this order as soon as practicable:

    (a) Copies of the affidavit and exhibit containing the evidence relied upon by the Applicant, and any other documents provided to the court on the making of the application;

    (b) The claim form; and

    (c) An application notice for continuation of the order.

3. Anyone notified of this order will be given a copy of it by the Applicant's legal representatives.

4. The Applicant will pay the reasonable costs of anyone other than the Respondents which have been incurred as a result of this order including the costs of finding out whether that person holds any of the Respondent's assets and if the court later finds that this order has caused such person loss, and decides that such person should be compensated for that loss, the Applicant will comply with any order the court may make.

5. If this order ceases to have effect (for example, if the Respondents provide security) the Applicant will immediately take all reasonable steps to inform in writing anyone to whom it has given notice of this order, or who it has reasonable grounds for supposing may act upon this order, that it has ceased to have effect.

*[signatures]*

10

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
ANTIGUA AND BARBUDA

CLAIM NO. ANUHCV 2022/

BETWEEN:

YONATAN BEN SHIMON

Claimant / Applicant

-and-

(1) EMERGENT FIDELITY TECHNOLOGIES LTD
(2) SAMUEL BENJAMIN BANKMAN-FRIED

Defendants / Respondents

---

DRAFT ORDER

---

Lake, Kentish & Bennett Inc.
Temple Chambers
36 Long St
St John's
Antigua
Tel: +1 268 462 1012
Fax: +1 268 462 2568

Legal Practitioners for the Claimant

11