**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| Emergent Fidelity Technologies Ltd, | ) Case No. 23-10149 (JTD) |
| | ) |
| Debtor.[1] | ) |
| | ) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Emergent Fidelity Technologies Ltd (the "Debtor")[2], with the assistance of its advisors, has filed its respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1007-1 and 1007-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtor's reasonable efforts to report its assets and liabilities on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although the Debtor

---

[1] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] A detailed description of the Debtor and the facts and circumstances supporting the Debtor's chapter 11 case are set forth in greater detail in the *Declaration of Angela Barkhouse in Support of the Debtor's Chapter 11 Petition* [Dkt. No. 3] (the "First Day Declaration").

has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtor and its JPLs[3] and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtor and its JPLs and attorneys expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtor and its JPLs and attorneys disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of the Debtor. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements, and representations of the Debtor's professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. Moreover, the JPLs' efforts to obtain information about the Debtor consensually from the parties who managed, controlled, or advised the Debtor have been largely met with resistance and have not yielded complete information. Further discovery, independent investigation, and analysis may supply additional facts and add meaning to known facts. Thus, nothing contained in the Schedules and Statements is intended or should be construed as an admission by the Debtor. The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed. Furthermore, nothing

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving Claims, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

A listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statements) by the Debtor of any obligation between a Debtor and another Debtor, if any, is a statement of what appears in the Debtor's books and records and does not reflect any admission or conclusion of the Debtor regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

2.   **Description of Cases and "as of" Information Date**. On February 3, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its businesses and managing its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    **Subject to paragraph 1, the asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtor as of the Petition Date, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of the Petition Date.**

3.   **Net Book Value of Assets**. Unless otherwise indicated, the Debtor's Schedules and Statements reflect net book values as of the Petition Date, in the Debtor's books and records. Additionally, because the book values of certain assets may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4.   **Recharacterization**. Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, and other items reported in the Schedules and Statements, the Debtor may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's businesses. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein, if any, were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.  **Excluded Assets and Liabilities**.  The Debtor has sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

    The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

    The Debtor may have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements.  In addition, certain immaterial assets and liabilities may have been excluded.

6.  **Insiders**.  For purposes of the Schedules and Statements, the Debtor defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtor; (d) relatives of the Debtor's directors, officers or persons in control of the Debtor; and (e) debtor/non-debtor affiliates of the foregoing.  Persons listed as "insiders" have been included for informational purposes only, and the inclusion of them in the Schedules and Statements shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtor does not take any position with respect to: (a) any insider's influence over the control of the Debtor; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtor or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

7.  **Intellectual Property Rights**.  The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

8.  **Classifications**.  Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F as "priority," (c) Schedule E/F as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or leases or to setoff of such Claims.

9.  **Claims Description**.  Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not

constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

10.  **Causes of Action**.  Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") the Debtor may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

11.  **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

a.  Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b.  Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.  Liens.  Property and equipment listed in the Schedules and Statements, if any, are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

12.  **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

13.  **Setoffs**.  The Debtor may incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions and other disputes between the Debtor and the other entities.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain

amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statements.

14. **Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtor's Schedules

Given, among other things, questions about the characterization of certain assets and the valuation of certain liabilities, to the extent that the Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent the Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

**Schedule A/B**. All values set forth in Schedule A/B reflect the book value of the Debtor's assets as of the Petition Date, unless otherwise noted below.

**Schedule A/B 3 and A/B 14**. As set forth in the First Declaration, the Debtor owns approximately 55 million shares of Robinhood Shares and approximately $20.7 million cash, which is apparently proceeds from the sale of additional such Shares (together with the Robinhood Shares, the "Assets"). The Assets are currently held in an account controlled by the United States Department of Justice (the "DOJ") in New York. Prior to the DOJ seizing those Assets on or about January 6, 2023, they were held in an account in the Debtor's name at Marex Capital Markets, Inc. (f/k/a ED&F Man Capital Markets, Inc.) ("Marex") in New York. The value of the Assets held in the DOJ account is listed on Schedule A/B 3 and A/B 14 as of the Petition Date.

**Schedule D**. Any Claim listed on Schedule D may have incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive and subject to ongoing investigation by the Debtor and the JPLs. Accordingly, not all such dates are included. Any Claim listed on Schedule D, however, appears to have been incurred before the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Nothing herein shall be construed as an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claim or contract.

Moreover, each of the disputed Claims of the BlockFi entities listed on Schedule D reflects the aggregate Claim amount of all BlockFi entities and has not been allocated among the individual BlockFi entities. The Debtor disputes such Claims in all respects.

**Schedule E/F Part 2**.  Schedule E/F (Part 2) includes prepetition amounts potentially owing to various entities in connection with the Pledge Agreement and the Antiguan proceedings as set forth in the First Day Declaration.

**Schedule H**.  The Debtor does not have any co-debtor as of the Petition Date, and reserves all of its rights to amend, supplement or otherwise modify the Schedules as is necessary and appropriate.

### Specific Disclosures with Respect to the Debtor's Statements

**Statement 1 and 2**.  Certain Robinhood Shares may have been liquidated to generate cash currently held in an account controlled by the DOJ.

**Statement 3**.  Statement 3 includes any disbursement or other transfer purportedly made by the Debtor within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4), if any, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals).

**Statement 7**.  Any information contained in Statement 7 shall not be a binding representation of the Debtor's or JPLs' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 8, 10, 18**.  As set forth in the First Day Declaration, on November 17, 2022, a FTX account holder and alleged creditor of the Debtor named Yonatan Ben Shimon filed a petition with the Antiguan Court seeking to impose a receivership over the Robinhood Shares held by the Debtor.  On November 18, 2022, the Antiguan Court entered an order granting this relief and appointed the JPLs as receivers.  The receivership proceeding has been superseded by the provisional liquidation.  Furthermore, the Assets were previously held in an account in the Debtor's name at Marex in New York.  On or about January 6, 2023, the Assets were seized and removed from the possession of Marex to an account controlled by the DOJ in New York, pursuant to a warrant and seizure notice issued by the Federal District Court in the Southern District of New York.  Since then, the Marex account has been frozen but not closed.  Out of an abundance of caution, the Debtor has included the Marex account in Statement 18.

**Statement 11**.  Out of an abundance of caution, the Debtor has included payments made by a prepetition lender, Fulcrum Capital, to professionals who have rendered advice related the Debtor's bankruptcy proceeding in Statement 11.

**Fill in this information to identify the case:**

Debtor name ___Emergent Fidelity Technologies Ltd_____

United States Bankruptcy Court for the:_____ District of __Delaware__
(State)

Case number (If known): ___23-10149 (JTD)___

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

### Part 1:  Summary of Assets

---

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.............................................................................

   $ _____

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*..........................................................................

   $ 650,864,260.27

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*...........................................................................

   $ 650,864,260.27

---

### Part 2:  Summary of Liabilities

---

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...............................................

   $ 664,100,000.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*.....................................................................

   $ _____

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*........................................................

   **+** $ 6,855,145.96

4. **Total liabilities**...................................................................................................................................................
   Lines 2 + 3a + 3b

   $ 670,955,145.96

---

**Fill in this information to identify the case:**

Debtor name _Emergent Fidelity Technologies Ltd_____

United States Bankruptcy Court for the:_____  District of _Delaware_
(State)

Case number (If known): _23-10149 (JTD)_____

☐ Check if this is an amended filing

<u>Official Form 206A/B</u>

# Schedule A/B: Assets — Real and Personal Property   12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand** — $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1. U.S. Department of Justice | Unknown | ___ ___ ___ ___ | $ 20,746,713.67 |
| 3.2. | | | $_____ |

4. **Other cash equivalents** *(Identify all)*

| 4.1. | $_____ |
| --- | --- |
| 4.2. | $_____ |

5. **Total of Part 1**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   $ 20,746,713.67

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

☒ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
| --- | --- |

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| 7.1. | $_____ |
| --- | --- |
| 7.2. | $_____ |

Debtor     Emergent Fidelity Technologies Ltd
           Name                                          Case number *(if known)* 23-10149 (JTD)

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1._____    $_____

   8.2._____    $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.              $_____

## Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    |  | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less:  _____ – _____ = ....... ➔    $_____
                               face amount          doubtful or uncollectible accounts

    11b. Over 90 days old:     _____ – _____ = ....... ➔    $_____
                               face amount          doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.       $_____

## Part 4:    Investments

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.

    ☒ Yes. Fill in the information below.

    |  | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. Robinhood Markets Inc. (Hood)_____    Market Value    $ 630,117,546.60

    14.2. _____    _____    $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                    % of ownership:

    15.1. _____    _____%    _____    $_____

    15.2. _____    _____%    _____    $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1. _____    _____    $_____

    16.2. _____    _____    $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.           $ 630,117,546.60

Debtor   Emergent Fidelity Technologies Ltd
_____
Name

Case number *(if known)* 23-10149 (JTD)
_____

<table>
<tr><td>**Part 5:**</td><td>**Inventory, excluding agriculture assets**</td></tr>
</table>

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☒ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

    Add lines 19 through 22. Copy the total to line 84.

    $_____

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No

    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value _____   Valuation method_____   Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

<table>
<tr><td>**Part 6:**</td><td>**Farming and fishing-related assets (other than titled motor vehicles and land)**</td></tr>
</table>

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☒ No. Go to Part 7.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

Debtor    Emergent Fidelity Technologies Ltd
          _____
          Name

Case number *(if known)* 23-10149 (JTD)

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____  Valuation method _____  Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $_____ | _____ | $_____ |
| 40. **Office fixtures** | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor     Emergent Fidelity Technologies Ltd
           Name

Case number *(if known)* 23-10149 (JTD)

---

**Part 8:     Machinery, equipment, and vehicles**

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

  ☒  No. Go to Part 9.

  ☐  Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48.  Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49.  Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50.  Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51.  **Total of Part 8.**

  Add lines 47 through 50. Copy the total to line 87.

  $_____

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

  ☐  No

  ☐  Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

  ☐  No

  ☐  Yes

---

Debtor    Emergent Fidelity Technologies Ltd
Name

Case number (*if known*) 23-10149 (JTD)

---

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $_____ | _____ | $_____ |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| 65. **Goodwill**<br>_____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

---

Debtor    Emergent Fidelity Technologies Ltd
          _____          Case number *(if known)* 23-10149 (JTD)
          Name                                              _____

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:  All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☒ No. Go to Part 12.

☐ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

_____   _____ – _____ = ➔   $_____
                                  Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____   Tax year _____   $_____
_____   Tax year _____   $_____
_____   Tax year _____   $_____

73. **Interests in insurance policies or annuities**

_____   $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____   $_____

Nature of claim    _____

Amount requested    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____   $_____

Nature of claim    _____

Amount requested    $_____

76. **Trusts, equitable or future interests in property**

_____   $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____   $_____

_____   $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.   $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor  Emergent Fidelity Technologies Ltd
Name

Case number (if known) 23-10149 (JTD)

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 20,746,713.67 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $_____ | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $_____ | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 630,117,546.60 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $_____ | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $_____ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $_____ | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $_____ | |
| 88. **Real property.** *Copy line 56, Part 9.* ..................➔ | | $_____ |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $_____ | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $_____ | |
| 91. **Total.** Add lines 80 through 90 for each column............................ 91a. | $650,864,260.27 | + 91b. $_____ |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................................... $ 650,864,260.27

**Fill in this information to identify the case:**

Debtor name  Emergent Fidelity Technologies Ltd

United States Bankruptcy Court for the: _____  District of  Delaware
(State)

Case number (If known):  23-10149 (JTD)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property  12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A
Amount of claim
Do not deduct the value of collateral. | Column B
Value of collateral that supports this claim |
| --- | --- | --- | --- |

**2.1**

| **Creditor's name**
BlockFi Inc. | **Describe debtor's property that is subject to a lien**
Shares of Robinhood Markets Inc. | $ 660,000,000.00 | $ 650,864,260.27 |
| --- | --- | --- | --- |

**Creditor's mailing address**
201 Montgomery Street, Suite 263
Jersey City, NJ 07302

**Describe the lien**
Purported pledge agreement dated 11/09/2022

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Creditor's email address, if known**
richard.kanowitz@haynesboone.com

**Date debt was incurred**  11/09/2022

**Last 4 digits of account number**  ___ ___ ___ ___

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority.
FTX Trading Ltd. and affiliates, BlockFi and affiliates, Fulcrum Capital

**2.2**

| **Creditor's name**
BlockFi International LLC | **Describe debtor's property that is subject to a lien**
Shares of Robinhood Markets Inc. | $ 660,000,000.00 | $ 650,864,260.27 |
| --- | --- | --- | --- |

**Creditor's mailing address**
201 Montgomery Street, Suite 263
Jersey City, NJ 07302

**Describe the lien**
Purported pledge agreement dated 11/09/2022

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Creditor's email address, if known**
richard.kanowitz@haynesboone.com

**Date debt was incurred**  11/09/2022

**Last 4 digits of account number**  ___ ___ ___ ___

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?
☒ No. Specify each creditor, including this creditor, and its relative priority.
FTX Trading Ltd. and affiliates, BlockFi and affiliates, Fulcrum Capital
☐ Yes. The relative priority of creditors is specified on lines _____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   $ 664,100,000.00

Debtor __Emergent Fidelity Technologies Ltd_____   Case number *(if known)* __23-10149 (JTD)__
  Name

| Part 1: | Additional Page | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

---

**2.3** | **Creditor's name**

  BlockFi Lending LLC

**Creditor's mailing address**

  201 Montgomery Street, Suite 263

  Jersey City, NJ 07302

**Creditor's email address, if known**

  richard.kanowitz@haynesboone.com

**Date debt was incurred** __11/09/2022__

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?

  ☒ No. Specify each creditor, including this creditor, and its relative priority.
    FTX Trading Ltd. and affiliates, BlockFi and affiliates, Fulcrum Capital

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

  Shares of Robinhood Markets Inc.

**Describe the lien**
  Purported pledge agreement dated 11/09/2022

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

$ 660,000,000.00 | $ 650,864,260.27

---

**2.4** | **Creditor's name**

  Fulcrum Capital

**Creditor's mailing address**

  28 State Street, Suite 3101
  Boston, MA 02109

**Creditor's email address, if known**

  tbennett@fulcruminv.com

**Date debt was incurred** __02/03/2023__

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?

  ☒ No. Specify each creditor, including this creditor, and its relative priority.
    FTX Trading Ltd. and affiliates, BlockFi and affiliates, Fulcrum Capital

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

  The Debtor's personal property, including its cash, claims, causes of action, and interest in 55,273,469 shares of Robinhood and the proceeds of the foregoing.

**Describe the lien**
  Security agreement dated 02/10/2023

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$ 4,100,000.00 plus accrued interest | $ 650,864,260.27

---

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* 23-10149 (JTD) |
|---|---|---|
| | Name | |

## Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Haynes and Boone LLP<br>Attn: Richard Kanowitz<br>30 Rockefeller Plaza, 26th Floor<br>New York, NY 10112 | Line 2. 1 | ___ ___ ___ ___ |
| Haynes and Boone LLP<br>Attn: Richard Kanowitz<br>30 Rockefeller Plaza, 26th Floor<br>New York, NY 10112 | Line 2. 2 | ___ ___ ___ ___ |
| Haynes and Boone LLP<br>Attn: Richard Kanowitz<br>30 Rockefeller Plaza, 26th Floor<br>New York, NY 10112 | Line 2. 3 | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |

**Fill in this information to identify the case:**

Debtor    Emergent Fidelity Technologies Ltd

United States Bankruptcy Court for the: _____ District of Delaware
                                                            (State)

Case number   23-10149 (JTD)
(if known)

☐ Check if this is an
    amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☒ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address<br>_____<br>_____<br>_____<br><br>**Date or dates debt was incurred**<br>_____<br><br>**Last 4 digits of account number** ___ ___ ___ ___<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>_____<br><br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $_____ | $_____ |
| **2.2** | Priority creditor's name and mailing address<br>_____<br>_____<br>_____<br><br>**Date or dates debt was incurred**<br>_____<br><br>**Last 4 digits of account number** ___ ___ ___ ___<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>_____<br><br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $_____ | $_____ |
| **2.3** | Priority creditor's name and mailing address<br>_____<br>_____<br>_____<br><br>**Date or dates debt was incurred**<br>_____<br><br>**Last 4 digits of account number** ___ ___ ___ ___<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>_____<br><br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $_____ | $_____ |

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* 23-10149 (JTD) |
|---|---|---|
| | Name | |

## Part 2:  List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

---

**3.1** | **Nonpriority creditor's name and mailing address**

FTX Trading Ltd. and affiliates

c/o Sullivan & Cromwell LLP

125 Broad Street
New York, NY 10004-2498

**Date or dates debt was incurred**   Undetermined

**Last 4 digits of account number**   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**  Potentially diverted funds

**Is the claim subject to offset?**
☒ No
☐ Yes

$ Undetermined

---

**3.2** | **Nonpriority creditor's name and mailing address**

Hazoor Digital Assets Fund, LP

9390 Research Blvd,
Bldg. 2, Suite 110

Austin, TX 78759

**Date or dates debt was incurred**   Undetermined

**Last 4 digits of account number**   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**  Potential litigation claim

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 3,355,145.96

---

**3.3** | **Nonpriority creditor's name and mailing address**

Yonatan Ben Shimon

Zabutinski 8 Tel

Tel Aviv, Israel 4336310

**Date or dates debt was incurred**   Undetermined

**Last 4 digits of account number**   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**  Litigation claim subject to Antiguan proceedings

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 3,500,000.00

---

**3.4** | **Nonpriority creditor's name and mailing address**

_____

_____

_____

**Date or dates debt was incurred**   _____

**Last 4 digits of account number**   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

---

**3.5** | **Nonpriority creditor's name and mailing address**

_____

_____

_____

**Date or dates debt was incurred**   _____

**Last 4 digits of account number**   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

---

**3.6** | **Nonpriority creditor's name and mailing address**

_____

_____

_____

**Date or dates debt was incurred**   _____

**Last 4 digits of account number**   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

---

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* 23-10149 (JTD) |
|---|---|---|
| | Name | |

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

  **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1. | Sullivan & Cromwell LLP<br>Attn: Andrew Dietderich<br>125 Broad Street<br>New York, NY 10004 | Line _3.1_<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.2. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.3. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.4. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 41. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.5. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.6. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.7. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.8. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.9. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.10. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |
| 4.11. | | Line _____<br>☐ Not listed. Explain _____ | __ __ __ __ |

Debtor   Emergent Fidelity Technologies Ltd                    Case number *(if known)* 23-10149 (JTD)
         Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ _____ |
| 5b. **Total claims from Part 2** | 5b. **+** | $ 6,855,145.96 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 6,855,145.96 |

**Fill in this information to identify the case:**

Debtor name  Emergent Fidelity Technologies Ltd

United States Bankruptcy Court for the:_____  District of  Delaware
(State)

Case number (If known):  23-10149 (JTD)_____  Chapter  11

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases
12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☒ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br> List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br> List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br> List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br> List the contract number of any government contract | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br> List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name  Emergent Fidelity Technologies Ltd

United States Bankruptcy Court for the:_____ District of Delaware
                                                                    (State)

Case number (If known):  23-10149 (JTD)

☐ Check if this is an
   amended filing

## Official Form 206H

## Schedule H: Codebtors                                                      12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach
the Additional Page to this page.

---

1. **Does the debtor have any codebtors?**

   ☒ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
   creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each
   schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 _____ | Street _____<br><br>_____<br>City          State          ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 _____ | Street _____<br><br>_____<br>City          State          ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 _____ | Street _____<br><br>_____<br>City          State          ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 _____ | Street _____<br><br>_____<br>City          State          ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 _____ | Street _____<br><br>_____<br>City          State          ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 _____ | Street _____<br><br>_____<br>City          State          ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor Name _Emergent Fidelity Technologies Ltd_

United States Bankruptcy Court for the: _____ District of _Delaware_
                                                                    (State)

Case number (*If known*): _23-10149 (JTD)_

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

[X] *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

[X] *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

[X] *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

[X] *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

[X] *Schedule H: Codebtors* (Official Form 206H)

[X] *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

[ ] Amended *Schedule* _____

[ ] *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

[X] Other document that requires a declaration Global Notes, Methodology and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs
Statement of Financial Affairs for Non-individuals Filing for Bankruptcy

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _02/17/2023_          ✗ _____
              MM / DD / YYYY          Signature of individual signing on behalf of debtor


                                      Toni Shukla
                                      Printed name

                                      Joint Provisional Liquidator of Emergent Fidelity Technologies Ltd
                                      Position or relationship to debtor