**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Emergent Fidelity Technologies Ltd, | ) |
| | ) Case No. 23-10149 (JTD) |
| Debtor.[1] | ) |
| | ) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Emergent Fidelity Technologies Ltd (the "Debtor")[2], with the assistance of its advisors, has filed its respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1007-1 and 1007-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtor's reasonable efforts to report its assets and liabilities on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although the Debtor

---

[1] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] A detailed description of the Debtor and the facts and circumstances supporting the Debtor's chapter 11 case are set forth in greater detail in the *Declaration of Angela Barkhouse in Support of the Debtor's Chapter 11 Petition* [Dkt. No. 3] (the "First Day Declaration").

has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtor and its JPLs[3] and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtor and its JPLs and attorneys expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtor and its JPLs and attorneys disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of the Debtor. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements, and representations of the Debtor's professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. Moreover, the JPLs' efforts to obtain information about the Debtor consensually from the parties who managed, controlled, or advised the Debtor have been largely met with resistance and have not yielded complete information. Further discovery, independent investigation, and analysis may supply additional facts and add meaning to known facts. Thus, nothing contained in the Schedules and Statements is intended or should be construed as an admission by the Debtor. The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed. Furthermore, nothing

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving Claims, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

A listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statements) by the Debtor of any obligation between a Debtor and another Debtor, if any, is a statement of what appears in the Debtor's books and records and does not reflect any admission or conclusion of the Debtor regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

2. **Description of Cases and "as of" Information Date**. On February 3, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its businesses and managing its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   **Subject to paragraph 1, the asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtor as of the Petition Date, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of the Petition Date.**

3. **Net Book Value of Assets**. Unless otherwise indicated, the Debtor's Schedules and Statements reflect net book values as of the Petition Date, in the Debtor's books and records. Additionally, because the book values of certain assets may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4. **Recharacterization**. Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, and other items reported in the Schedules and Statements, the Debtor may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's businesses. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein, if any, were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.      **Excluded Assets and Liabilities**.  The Debtor has sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtor may have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements.  In addition, certain immaterial assets and liabilities may have been excluded.

6.      **Insiders**.  For purposes of the Schedules and Statements, the Debtor defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtor; (d) relatives of the Debtor's directors, officers or persons in control of the Debtor; and (e) debtor/non-debtor affiliates of the foregoing.  Persons listed as "insiders" have been included for informational purposes only, and the inclusion of them in the Schedules and Statements shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtor does not take any position with respect to: (a) any insider's influence over the control of the Debtor; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtor or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

7.      **Intellectual Property Rights**.  The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

8.      **Classifications**.  Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F as "priority," (c) Schedule E/F as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or leases or to setoff of such Claims.

9.      **Claims Description**.  Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not

constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

10.    **Causes of Action**.  Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") the Debtor may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

11.    **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

    a.    Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    Liens.  Property and equipment listed in the Schedules and Statements, if any, are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

12.    **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

13.    **Setoffs**.  The Debtor may incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions and other disputes between the Debtor and the other entities.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain

amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statements.

14.     **Global Notes Control**.  If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtor's Schedules**

Given, among other things, questions about the characterization of certain assets and the valuation of certain liabilities, to the extent that the Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent the Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

**Schedule A/B**.  All values set forth in Schedule A/B reflect the book value of the Debtor's assets as of the Petition Date, unless otherwise noted below.

**Schedule A/B 3 and A/B 14**.  As set forth in the First Declaration, the Debtor owns approximately 55 million shares of Robinhood Shares and approximately $20.7 million cash, which is apparently proceeds from the sale of additional such Shares (together with the Robinhood Shares, the "Assets").  The Assets are currently held in an account controlled by the United States Department of Justice (the "DOJ") in New York.  Prior to the DOJ seizing those Assets on or about January 6, 2023, they were held in an account in the Debtor's name at Marex Capital Markets, Inc. (f/k/a ED&F Man Capital Markets, Inc.) ("Marex") in New York.  The value of the Assets held in the DOJ account is listed on Schedule A/B 3 and A/B 14 as of the Petition Date.

**Schedule D**.  Any Claim listed on Schedule D may have incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive and subject to ongoing investigation by the Debtor and the JPLs.  Accordingly, not all such dates are included.  Any Claim listed on Schedule D, however, appears to have been incurred before the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Nothing herein shall be construed as an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claim or contract.

Moreover, each of the disputed Claims of the BlockFi entities listed on Schedule D reflects the aggregate Claim amount of all BlockFi entities and has not been allocated among the individual BlockFi entities.  The Debtor disputes such Claims in all respects.

**Schedule E/F Part 2**.  Schedule E/F (Part 2) includes prepetition amounts potentially owing to various entities in connection with the Pledge Agreement and the Antiguan proceedings as set forth in the First Day Declaration.

**Schedule H**.  The Debtor does not have any co-debtor as of the Petition Date, and reserves all of its rights to amend, supplement or otherwise modify the Schedules as is necessary and appropriate.

## Specific Disclosures with Respect to the Debtor's Statements

**Statement 1 and 2**.  Certain Robinhood Shares may have been liquidated to generate cash currently held in an account controlled by the DOJ.

**Statement 3**.  Statement 3 includes any disbursement or other transfer purportedly made by the Debtor within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4), if any, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals).

**Statement 7**.  Any information contained in Statement 7 shall not be a binding representation of the Debtor's or JPLs' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 8, 10, 18**.  As set forth in the First Day Declaration, on November 17, 2022, a FTX account holder and alleged creditor of the Debtor named Yonatan Ben Shimon filed a petition with the Antiguan Court seeking to impose a receivership over the Robinhood Shares held by the Debtor.  On November 18, 2022, the Antiguan Court entered an order granting this relief and appointed the JPLs as receivers.  The receivership proceeding has been superseded by the provisional liquidation.  Furthermore, the Assets were previously held in an account in the Debtor's name at Marex in New York.  On or about January 6, 2023, the Assets were seized and removed from the possession of Marex to an account controlled by the DOJ in New York, pursuant to a warrant and seizure notice issued by the Federal District Court in the Southern District of New York.  Since then, the Marex account has been frozen but not closed.  Out of an abundance of caution, the Debtor has included the Marex account in Statement 18.

**Statement 11**.  Out of an abundance of caution, the Debtor has included payments made by a prepetition lender, Fulcrum Capital, to professionals who have rendered advice related the Debtor's bankruptcy proceeding in Statement 11.

**Fill in this information to identify the case:**

Debtor name  Emergent Fidelity Technologies Ltd

United States Bankruptcy Court for the: _____  District of  Delaware
(State)

Case number (If known):  23-10149 (JTD)

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

| Part 1: | Income |

1. **Gross revenue from business**

   ☐ None  **Undetermined**

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From ___ MM / DD / YYYY to Filing date | ☐ Operating a business<br>☐ Other _____ | $_____ |
| **For prior year:** | From ___ MM / DD / YYYY to ___ MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |
| **For the year before that:** | From ___ MM / DD / YYYY to ___ MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected
   from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None  **Undetermined**

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From ___ MM / DD / YYYY to Filing date | _____ | $_____ |
| **For prior year:** | From ___ MM / DD / YYYY to ___ MM / DD / YYYY | _____ | $_____ |
| **For the year before that:** | From ___ MM / DD / YYYY to ___ MM / DD / YYYY | _____ | $_____ |

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* | 23-10149 (JTD) |
|---|---|---|---|
| | Name | | |

---

## Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| | | | | *Check all that apply* |
| 3.1. | BlockFi Inc. and affiliates | 11/09/2022 | $ 660,000,000.00 | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | 201 Montgomery Street, Suite 263 | | | ☐ Suppliers or vendors |
| | Street | | | ☐ Services |
| | Jersey City           NJ         07302 | | | ☒ Other Purported pledge agreement |
| | City                     State       ZIP Code | | | |
| 3.2. | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City                     State       ZIP Code | | | ☐ Other |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | City                     State       ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |
| 4.2. | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | City                     State       ZIP Code | | | |
| | **Relationship to debtor** | | | |

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* | 23-10149 (JTD) |
|---|---|---|---|
| | Name | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State     ZIP Code | | | |
| 5.2. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State     ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| City          State     ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

## Part 3:   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | See SOFA 1 Attachment | | | ☐ Pending |
| | | | Name | ☐ On appeal |
| | Case number | | Street | ☐ Concluded |
| | | | City          State     ZIP Code | |
| 7.2. | Case title | | Court or agency's name and address | ☐ Pending |
| | | | Name | ☐ On appeal |
| | Case number | | Street | ☐ Concluded |
| | | | City          State     ZIP Code | |

| Debtor | Emergent Fidelity Technologies Ltd | Case number (if known) 23-10149 (JTD) |
|---|---|---|
| | Name | |

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| See SOFA 2 Attachment | _____ | $_____ |
| Custodian's name | | |
| _____ | **Case title** | **Court name and address** |
| Street | _____ | _____ |
| _____ | | Name |
| City          State          ZIP Code | **Case number** | _____ |
| | _____ | Street |
| | | _____ |
| | **Date of order or assignment** | City          State          ZIP Code |
| | _____ | |

---

## Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. _____ | _____ | _____ | $_____ |
| Recipient's name | _____ | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2. _____ | _____ | | $_____ |
| Recipient's name | _____ | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

---

## Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| Asset seizure by the Department of Justice pursuant to warrant and seizure notice | _____ | On or about January 6, 2023 | $ 650,864,260.27 |

---

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* | 23-10149 (JTD) |
|---|---|---|---|
| | Name | | |

---

**Part 6:** **Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | See SOFA 3 Attachment | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |
| | | | |

---

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor    Emergent Fidelity Technologies Ltd
_____
Name

Case number (*if known*)  23-10149 (JTD)
_____

## 13. Transfers not already listed on this statement

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | Street | | | |
| | | | | |
| | City          State      ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | Who received transfer? | _____ | _____ | $_____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | Street | | | |
| | | | | |
| | City          State      ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

## Part 7:    Previous Locations

## 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | _____ <br> Street | From _____  To _____ |
| | _____ <br> City          State      ZIP Code | |
| 14.2. | _____ <br> Street | From _____  To _____ |
| | _____ <br> City          State      ZIP Code | |

| Debtor | Emergent Fidelity Technologies Ltd | Case number (if known) 23-10149 (JTD) |
|---|---|---|
| | Name | |

---

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | | | |
| | Facility name | | |
| | Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | | | *Check all that apply:* |
| | City          State          ZIP Code | | ☐ Electronically |
| | | | ☐ Paper |

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.2. | | | |
| | Facility name | | |
| | Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | | | *Check all that apply:* |
| | City          State          ZIP Code | | ☐ Electronically |
| | | | ☐ Paper |

---

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

Has the plan been terminated?

☐ No

☐ Yes

---

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* | 23-10149 (JTD) |
|---|---|---|---|
| | Name | | |

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Marex Capital Markets Inc. <br> Name <br> 360 Madison Avenue <br> Street <br> Third Floor <br> New York    NY    10017 <br> City        State      ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☒ Brokerage <br> ☐ Other_____ | 01/09/2023 | $467,364,024.00 |
| 18.2. | _____ <br> Name <br> _____ <br> Street <br> _____ <br> City        State      ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Name <br> _____ <br> Street <br> _____ <br> City        State      ZIP Code | _____ <br> _____ <br> Address | _____ <br> _____ <br> _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Name <br> _____ <br> Street <br> _____ <br> City        State      ZIP Code | _____ <br> _____ <br> Address <br> _____ | _____ <br> _____ <br> _____ | ☐ No <br> ☐ Yes |

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* | 23-10149 (JTD) |
|---|---|---|---|
| | Name | | |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| **Case number** | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* 23-10149 (JTD) |
|---|---|---|
| | Name | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Name<br><br>Street<br><br>City          State          ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____     To _____ |
| 25.2. | Name<br><br>Street<br><br>City          State          ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____     To _____ |
| 25.3. | Name<br><br>Street<br><br>City          State          ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____     To _____ |

Debtor  Emergent Fidelity Technologies Ltd
        _____
        Name

Case number (if known) 23-10149 (JTD)

---

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| **26a.1.** Corporate & Trust Services Caribbean Limited<br>Name<br>Lower Sir Sidney Walling Highway<br>Street<br>PO Box 990<br><br>St. John's              Antigua and Barbuda<br>City                State        ZIP Code | From 2022   To 2023 |
| **26a.2.** _____<br>Name<br>_____<br>Street<br>_____<br>City        State        ZIP Code | From _____  To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☒ None

| Name and address | Dates of service |
|---|---|
| **26b.1.** _____<br>Name<br>_____<br>Street<br>_____<br>City        State        ZIP Code | From _____  To _____ |
| **26b.2.** _____<br>Name<br>_____<br>Street<br>_____<br>City        State        ZIP Code | From _____  To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☒ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1.** _____<br>Name<br>_____<br>Street<br>_____<br>City        State        ZIP Code | _____<br>_____<br>_____ |

---

Debtor    Emergent Fidelity Technologies Ltd
          _____
          Name

Case number (*if known*)  23-10149 (JTD)
_____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | _____ |
| Street | _____ |
| City    State    ZIP Code | _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

| Name and address |
|---|
| 26d.1. |
| Name |
| Street |
| City    State    ZIP Code |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| City    State    ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| City    State    ZIP Code |

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* 23-10149 (JTD) |
|---|---|---|
| | Name | |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

**Name and address of the person who has possession of inventory records**

27.2.

Name _____

Street _____

City _____ State _____ ZIP Code _____

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Samuel Bankman-Fried | 743 Cooksey Lane, Stanford, CA 94305 | Director | 90 |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. | | | |
| Name _____ | _____ | _____ | _____ |
| Street _____ | | | |
| _____ | | _____ | |
| City _____ State ____ ZIP Code ____ | | _____ | |
| **Relationship to debtor** | | | |
| _____ | | _____ | |

| Debtor | Emergent Fidelity Technologies Ltd | Case number *(if known)* 23-10149 (JTD) |
|---|---|---|
| | Name | |

| Name and address of recipient | | | |
|---|---|---|---|
| 30.2 | | _____ _____ _____ | |
| | Name _____ | _____ | |
| | Street _____ | _____ | |
| | _____ | | |
| | City                State          ZIP Code | _____ | |
| | Relationship to debtor | _____ | |
| | _____ | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     02/17/2023
                MM  /  DD  / YYYY

✘ _Toni Shukla (signature)_                          Printed name    Toni Shukla

Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Joint Provisional Liquidator of Emergent Fidelity Technologies Ltd

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☒ Yes

## SOFA 1 ATTACHMENT

| Case Title (Name and Case Number) | Nature of Case | Court or Agency's Name and Address | Status of Case |
|---|---|---|---|
| BlockFi Inc., et al. v. Emergent Fidelity Technologies Ltd, et al.<br><br>Adv. Pro. No. 22-01382 | Adversary Proceeding | US Bankruptcy Court – District of New Jersey<br>402 East State Street<br>Trenton, NJ 08608 | Pending |
| Samuel Bankman-Fried v. Angela Barkhouse and Toni Shukla (as Receivers of Emergent Fidelity Technology Ltd), et al.<br><br>ANUHCVAP2023/0002 | Appeal | Eastern Caribbean Court of Appeal<br>2nd Floor Heraldine Rock Building, Water Front<br>PO Box 1093<br>Castries, St. Lucia | Pending |
| Angela Barkhouse and Toni Shukla (as Receivers of Emergent Fidelity Technologies Ltd) v. Emergent Fidelity Technologies Ltd (First Respondent) and Samuel Bankman-Fried (Second Respondent)<br><br>ANUHCV2022/0480 | Provisional Liquidation and Winding Up Petition | The High Court of Justice of Antigua and Barbuda, High Street<br>Parliament Drive<br>St John's, Antigua | Pending; Awaiting Judgment |
| Yonatan Ben Shimon v Emergent Fidelity Technologies Ltd (First Respondent) and Samuel Bankman-Fried (Second Respondent)<br><br>ANUHCV2022/0456 | Receivership | The High Court of Justice of Antigua and Barbuda, High Street<br>Parliament Drive<br>St John's, Antigua | Stayed |

## SOFA 2 ATTACHMENT

| Custodian's name and address | Description of the property | Value | Case title and number | Date of order or assignment | Court name and address |
|---|---|---|---|---|---|
| Angela Barkhouse and Toni Shukla c/o Quantuma (BVI) Limited, Coastal Building Wickhams Cay II Road Town British Virgin Islands VG 1110 | Assets of the Company located in or outside Antigua and Barbuda | Undetermined | Yonatan Ben Shimon v. Emergent Fidelity Technologies Ltd and Samuel Bankman-Fried ANUHCV2022/0456 | 11/18/2022 | High Court of Justice of Antigua and Barbuda 45C7+4W2, Parliament Dr. St. John's Antigua and Barbuda |
| United States Department of Justice Attn: Seth B. Shapiro P.O. Box 875 Ben Franklin Station Washington, DC 20044-0875 | Assets as described in the Global Notes | $650,864,260.27 | N/A | On or about 12/30/2022 | Daniel Patrick Moynihan United States Courthouse 500 Pearl St. New York, NY 10007-1312 |

## SOFA 3 ATTACHMENT

| Who Was Paid or Who Received the Transfer | Address | Email or Website Address | Who Made the Payment, If Not Debtor? | If Not Money, Describe Any Property Transferred | Dates | Total Amount of Value |
|---|---|---|---|---|---|---|
| Quantuma (BVI) Limited | Coastal Building Wickhams Cay II Road Town British Virgin Islands VG 1110 | angela.barkhouse@quantuma.com | Fulcrum Capital | | 02/03/2023 | $446,717.46 |
| Morgan, Lewis & Bockius LLP | 1701 Market Street Philadelphia PA 19103 | john.goodchild@morganlewis.com | Fulcrum Capital | | 02/03/2023 | $1,227,698.49 |