**Hearing Date and Time: March 14, 2023 at 10:00 a.m. (ET)**
**Objection Deadline: March 7, 2023 at 4:00 p.m. (ET)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Emergent Fidelity Technologies Ltd, | ) | Case No. 23-10149 (JTD) |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

### DEBTOR'S MOTION FOR ENTRY OF
### AN ORDER (I) DIRECTING JOINT ADMINISTRATION
### OF ITS CHAPTER 11 CASE AND (II) GRANTING RELATED RELIEF

Emergent Fidelity Technologies Ltd (the "<u>Emergent Debtor</u>"), as debtor and debtor-in-possession in the above-referenced chapter 11 case (the "<u>Emergent Chapter 11 Case</u>"), by and through counsel, hereby files this motion (the "<u>Motion</u>") seeking entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), pursuant to sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "<u>Bankruptcy Code</u>"), rules 1005, 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 1015-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), (a) authorizing the joint administration of the Emergent Chapter 11 Case with the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession[2] (the "<u>FTX Debtors</u>," together with the Emergent Debtor, the "<u>Debtors</u>") (the "<u>FTX Chapter 11 Cases</u>," together with the Emergent Chapter 11 Case, the "<u>Chapter 11 Cases</u>") and the consolidation thereof for procedural purposes only and (b) granting related relief. The FTX

---

[1] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Jointly Administered).

Debtors consent to the relief sought in the Motion and entry of the Proposed Order.  In support of this Motion, the Emergent Debtor respectfully states as follows:

## BACKGROUND

1.      The Emergent Debtor is an Antiguan company originally formed and formerly controlled by Samuel Bankman-Fried ("SBF"), the co-founder of various now-bankrupt crypto companies including the FTX Debtors.  The Emergent Debtor is 90% owned by SBF and 10% owned by Zixiao "Gary" Wang.  SBF is also a majority shareholder of one or more of the FTX Debtors.

2.      On February 3, 2023, the Emergent Debtor, under the control of Angela Barkhouse and Toni Shukla as the Joint Provisional Liquidators pursuant to the Appointment Order[3] of the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda, dated December 5, 2022, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

3.      On February 17, 2023, the Emergent Debtor filed its schedules of assets and liabilities and statement of financial affairs.  *See* D.I. 34. 35.  A detailed description of the Emergent Debtor and the facts and circumstances supporting this Motion and the Emergent Chapter 11 Case are set forth in greater detail in the First Day Declaration, which is incorporated by reference herein.

## JURISDICTION

4.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to

---

[3] The Appointment Order is attached as Exhibit B to the *Declaration of Angela Barkhouse in Support of the Debtor's Chapter 11 Petition* (the "First Day Declaration") [D.I. 3].

28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 2002(n), and Local Rule 1015-1.  Pursuant to Local Rule 9013-1(f), the Emergent Debtor consents to entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **RELIEF REQUESTED**

5.      The Emergent Debtor seeks entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the joint administration of the Emergent Chapter 11 Case with the FTX Chapter 11 Cases and the consolidation thereof for procedural purposes only and (b) granting related relief.  The Emergent Debtor requests that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to FTX Trading Ltd. (Case No. 22-11068 (JTD)) and that these Chapter 11 Cases be administered under the following consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Lead Case) |
| | (Jointly Administered) |

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of

such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

6.     The Emergent Debtor further requests that the Court order that the foregoing caption and footnotes satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n); that the Debtors are authorized, but not required to, share the services of Kroll Restructuring Administration LLC (the "Claims Agent")[4] solely as the claims and noticing agent pursuant to the Claims Agent Retention Order[5] entered in the FTX Chapter 11 Cases; that all matters requiring a hearing in the Emergent Chapter 11 Case be heard at periodic omnibus hearings ("Omnibus Hearing") scheduled in the FTX Chapter 11 Cases, unless an urgent hearing is required on less than regular notice or otherwise ordered by the Court; and that the Debtors must coordinate on the preparation and filing of a single consolidated hearing agenda that shall include all matters to be heard at such Omnibus Hearing.

7.     The Emergent Debtor also requests that an entry be made on the docket of the Emergent Chapter 11 Case, substantially as follows to reflect the joint administration of these Chapter 11 Cases:

An order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of this chapter 11 case with the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of FTX Trading Ltd., Case No. 22-11068 (JTD) and such docket should be consulted for all matters affecting this chapter 11 case.

**BASIS FOR RELIEF**

---

[4] The FTX Debtors may decline to make the services of the Claims Agent available to the Emergent Debtor at any time and for any reason.

[5] *Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective Nunc Pro Tunc to the Petition Date* (the "Claims Agent Retention Order") [D.I. 132] in the FTX Chapter 11 Cases.

4

8.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  Section 101(2)(B) provides that an affiliate is a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ."  11 U.S.C. § 101(2)(B).  SBF is an "entity" under section 101(15) because he is a "person."  *Id*. § 101(15).  The Emergent Debtor is a "corporation" under section 101(9).  *Id*. § 101(9).  SBF directly or indirectly owns at least 20% of the Emergent Debtor and at least 20% of one or more of the FTX Debtors.  Thus, the Debtors are "affiliates" as that term is defined in section 101(2)(B).  Joint administration of the Chapter 11 Cases is, therefore, appropriate under Bankruptcy Rule 1015(b).

9.      Bankruptcy Rule 1015(b) promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors.  Among other things, joint administration obviates the need for duplicative notices, motions, applications and orders, thereby saving considerable time and expense for the Debtors and their estates.  Furthermore, authorizing the Debtors to share the services of the Claims Agent solely as the claims and noticing agent pursuant to the Claims Agent Retention Order would promote procedural convenience and cost efficiencies.  If the FTX Debtors share the services of the Claims Agent with the Emergent Debtor, the Emergent Debtor will be obligated to reimburse the FTX Debtors on demand for any fees and expenses actually incurred by the FTX Debtors that are reasonably attributed to incremental services performed for the Emergent Debtor, and any claim for such reimbursement will be entitled to superpriority administrative expense status under sections 503(b) and 507(b) of

the Bankruptcy Code; provided that the right of any party in interest to challenge the reasonableness of such fees and expenses or the reasonableness of such attribution will be preserved.

10.    For the avoidance of doubt, each of the FTX Debtors, on the one hand, and the Emergent Debtor, on the other hand, will bear the costs and expenses of its own legal advisors. The Debtors anticipate that, with the exception for the Claims Agent, the Debtors will set forth in the retention applications for the Emergent Debtor's professionals and in supplements to the retention applications of the FTX Debtors' professionals the proposed structure of and methodology for coordinating the use of professionals, including the allocation of the fees and expenses of shared professionals as between the FTX Chapter 11 Cases and the Emergent Chapter 11 Case, in order to maximize efficiencies and properly manage any conflicts of interests.

11.    To ensure that the substantive rights of claimants of the Debtors are protected, the Emergent Debtor will comply with all applicable requirements of a chapter 11 debtor, including, without limitation, filing its own monthly operating reports and maintaining separate books and records to ensure that the assets and liabilities of the Emergent Debtor's estate remain separate from the estates of the FTX Debtors, and cooperate and consult in good faith with the Official Committee of Unsecured Creditors of the FTX Debtors and any other statutory committee that may be appointed in the FTX Chapter 11 Cases.  Granting the requested relief will promote the fair and efficient administration of the Chapter 11 Cases.

12.    Section 105 of the Bankruptcy Code also provides the Court with the power to order joint administration of the Chapter 11 Cases.  Section 105(a) provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

13.     Additionally, Local Rule 1015-1 provides, in relevant part, as follows:

An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

14.     Joint administration permits the usage of a single general docket for all of the Debtors' cases and combined notices to creditors of each Debtor's estate and other parties-in-interest.  Doing so protects creditors' rights by ensuring that parties-in-interest in each of the Chapter 11 Cases will be apprised of the various matters before the Court in each of the other related cases.

15.     Finally, the Emergent Debtor's estate will remain substantively separate from the estates of the FTX Debtors, and the relief sought in this Motion is limited to procedural and administrative matters only.  Therefore, joint administration of the Chapter 11 Cases will not adversely affect the Debtors' respective creditors.  Rather, joint administration enables stakeholders to more readily apprise the various parties-in-interest of the matters before the Court. It also relieves the Court of the burden of entering duplicative orders and maintaining duplicative files and will simplify the supervision and administrative duties of the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") relating to these Chapter 11 Cases.  If the Emergent Debtor and/or the FTX Debtors require substantive relief related to but outside the scope of this procedural Motion and such relief affects the Emergent Debtor and any of the FTX Debtors, such relief will be sought by a separate motion.  Furthermore, the Debtors anticipate filing a separate motion seeking Court approval of the extension of any order(s) entered in the FTX Chapter 11 Cases.

16.     Joint administration of interrelated chapter 11 cases has been approved by courts in chapter 11 cases.  *See In re FTX Trading Ltd.*, No. 22-11068 (JTD), D.I. 128 (Bankr. D. Del. Nov. 22, 2022) (authorizing joint administration of chapter 11 cases); *In re OSG Group Holdings, Inc*., No. 22-10718 (JTD), D.I. 74 (Bankr. D. Del. Aug. 9, 2022) (same); *In re Packable Holdings, LLC f/k/a Entourage Commerce, LLC*, No. 22-10797 (JTD), D.I. 5 (Bankr. D. Del. Aug. 30, 2022) (same); *In re Kabbage, Inc*., No. 22-10951 (CTG), D.I. 42 (Bankr. D. Del. Oct. 4, 2022) (same).[6]

## NOTICE

17.     Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties identified on the Emergent Debtor's list of 20 largest unsecured creditors; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Emergent Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

18.     No prior motion for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank]*

---

[6] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Emergent Debtor's proposed counsel.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Emergent Debtor respectfully requests

that the Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit**

**A**, and (b) grant such other and further relief as is just and proper.

Dated: February 28, 2023                          **MORGAN, LEWIS & BOCKIUS LLP**
Wilmington, DE

/s/  *Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Email: jody.barillare@morganlewis.com

- and -

John C. Goodchild, III (admitted *pro hac vice*)
Matthew C. Ziegler (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

- and -

Craig A. Wolfe (admitted *pro hac vice*)
Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Email: craig.wolfe@morganlewis.com
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Proposed Counsel for Emergent Fidelity
Technologies Ltd as Debtor and Debtor-in-
Possession*

## EXHIBIT A

**Proposed Order**