**Hearing Date and Time: April 12, 2023 at 10:00 a.m. (ET)**
**Objection Deadline: March 17, 2023 at 4:00 p.m. (ET)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Emergent Fidelity Technologies Ltd, | ) Case No. 23-10149 (JTD) |
| | ) |
| Debtor.[1] | ) |
| | ) |

### DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORGAN, LEWIS & BOCKIUS LLP AS ATTORNEYS FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

Emergent Fidelity Technologies Ltd (the "Debtor"), as debtor and debtor-in-possession in the above-referenced chapter 11 case (the "Chapter 11 Case"), by and through counsel, hereby files this application (the "Application"), pursuant to sections 327(a), 328(a), 329, 330 and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the retention and employment of Morgan, Lewis & Bockius LLP ("Morgan Lewis") as attorneys for the Debtor effective as of the Petition Date (as defined below). In support of this Application, the Debtor submits and incorporates by reference (a) the declaration of Craig A. Wolfe (the "Wolfe Declaration") attached hereto as **Exhibit B**, and (b) the declaration of Angela Barkhouse (the "Barkhouse Declaration," together with the Wolfe Declaration, the "Declarations") attached hereto as **Exhibit C**, and incorporates by reference the statements

---

[1] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

contained in the First Day Declaration (defined below).  In further support of this Application, the Debtor respectfully states as follows:

## BACKGROUND

1.      On February 3, 2023 (the "Petition Date"), the Debtor, under the control of Angela Barkhouse and Toni Shukla as the Joint Provisional Liquidators (the "JPLs") pursuant to the Appointment Order[2] of the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda, dated December 5, 2022, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  No trustee (other than the United States Trustee), examiner, or statutory committee of creditors has been appointed in this Chapter 11 Case.

2.      On February 28, 2023, the Debtor filed a motion seeking authority to consolidate this Chapter 11 Case with the FTX chapter 11 cases also pending before the Court for procedural and administrative purposes only (the "Joint Administration Motion") [D.I. 38].  A hearing on the Joint Administration Motion is scheduled for March 14, 2023.  A detailed description of the Debtor and the facts and circumstances supporting this Application and the Chapter 11 Case are set forth in greater detail in the First Day Declaration.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The

---

[2] The Appointment Order is attached as Exhibit B to the *Declaration of Angela Barkhouse in Support of the Debtor's Chapter 11 Petition* (the "First Day Declaration") [D.I. 3].

statutory bases for the relief requested herein are sections 327(a), 328, 329, 330, and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rules 2014-1 and 2016-1.

## **RELIEF REQUESTED**

4.      By this Application, the Debtor requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to retain and employ Morgan Lewis as its counsel in connection with this Chapter 11 Case effective as of the Petition Date.

### I.    **Morgan Lewis' Qualifications**

5.      The Debtor seeks to retain Morgan Lewis for its expertise and extensive experience and knowledge in the field of financial restructuring and business reorganizations under Chapter 11 of the Bankruptcy Code.  The Debtor recognizes that Morgan Lewis, with more than 2,000 attorneys practicing in offices across the United States and in many other countries, is able to quickly—and efficiently—address any conceivable issue in this Chapter 11 Case.

6.      The Debtor has requested that Morgan Lewis make available a selected team of experienced partners with expertise in U.S. bankruptcy law, cross-border restructuring and related litigation for personal, hands-on involvement in matters related to this Chapter 11 Case, and Morgan Lewis has agreed to do so for the duration of the engagement.

7.      The Debtor believes this Chapter 11 Case will be of unusual scope and complexity and that the matter requires a lead law firm with experience in coordinating similar multi-disciplinary matters in multiple jurisdictions.  The Morgan Lewis team includes lawyers with personal experience coordinating matters of similar scope.

8.      For the foregoing reasons, the Debtor believes that Morgan Lewis is well qualified to represent it as debtor-in-possession in this Chapter 11 Case, and that the retention of Morgan Lewis is necessary and in the best interests of the Debtor and its estate and stakeholders.

## II.   Services To Be Provided

9.      Morgan Lewis has been working and intends to continue working closely with the JPLs as representatives of the Debtor, the professionals retained by the JPLs on their behalf and that of the Debtor pursuant to an order of the court that appointed the JPLs in Antigua, and such other professionals as may be retained by the Debtor in the United States to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.  Specifically, the Debtor has requested that Morgan Lewis render services including, but not limited to, the following:

   a)  taking all necessary action to protect and preserve the estate of the Debtor, including the prosecution of any actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

   b)  providing legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the continued operation of its business;

   c)  assisting the Debtor with investigating all potential estate causes of action;

   d)  advising the Debtor with respect to the potential sale of its assets and negotiating and preparing on the Debtor's behalf all agreements related thereto;

   e)  attending meetings and negotiating with representatives of creditors and other parties-in-interest;

   f)  negotiating, preparing, soliciting, and otherwise pursuing confirmation of a plan and any other restructuring alternative;

   g)  preparing and prosecuting on behalf of the Debtor, as debtor-in-possession, necessary motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtor's estate;

   h)  advising the Debtor with respect to certain corporate, financing, and tax matters as requested by the Debtor;

    i)   appearing in court and protecting the interests of the Debtor before the U.S. courts, including this Court;

    j)   reviewing all pleadings filed in this Chapter 11 Case; and

    k)   performing all other legal services in connection with this Chapter 11 Case as may reasonably be required.

10.    As set forth in the Declarations, Morgan Lewis has indicated that it is prepared to render the necessary professional services as counsel to the Debtor on the terms described herein. The employment of Morgan Lewis is appropriate and needed to enable the Debtor to faithfully execute its duties as a debtor and debtor-in-possession.

### III.   Professional Compensation

11.    Morgan Lewis intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Morgan Lewis will use in this Chapter 11 Case are the same as the hourly rates and corresponding rate structure that Morgan Lewis uses in other restructuring matters, regardless of whether a fee application is required.  This rate structure is consistent with, or in some cases lower than, that of other large firms that handle complex restructuring matters that are national and often global in scope, involving substantial complexity, high stakes, and severe time pressures.

12.    Morgan Lewis operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other

factors.  Morgan Lewis's current hourly rates for matters related to this Chapter 11 Case are expected to fall within the following ranges:

| Billing Category | Range of Hourly Rates |
| --- | --- |
| Partners | $995-$1,885 |
| Of Counsel | $955 |
| Associates | $690-$870 |
| Paraprofessionals | $200-$415 |

13.    The principal professionals designated to represent the Debtor and their current standard hourly rates are:

| Professional | Hourly Rate |
| --- | --- |
| John C. Goodchild, III | $1,525 |
| Craig A. Wolfe | $1,400 |
| Joshua Dorchak | $1,400 |
| Matthew C. Ziegler | $995 |
| Jody C. Barillare | $955 |
| David K. Shim | $870 |
| Michael K. Gocksch | $840 |

14.    The rates set forth above are subject to periodic review and adjustment.  Generally, the rates are subject to an increase at the beginning of each calendar year.  Additionally, it is Morgan Lewis's policy to charge its clients in all areas of practice for all other expenses incurred in connection with their cases.  The expenses charged to clients include, among other things, postage, overnight mail, courier delivery, transportation, computer-assisted legal research, photocopying, airfare, meals, and lodging.  Morgan Lewis will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to Morgan Lewis's other clients.  Morgan Lewis believes that it is more equitable to charge the expenses to the actual clients that incur them rather than increasing the firm's hourly rates and spread the expenses among all clients.

15.     Morgan Lewis' proposed rate structure is appropriate and not materially different from (a) the rates that Morgan Lewis charges for other similar types of representations, or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Morgan Lewis will perform in this Chapter 11 Case.

16.     Furthermore, prior to the commencement of this Chapter 11 Case, Morgan Lewis has received total payments in the aggregate amount of $1,227,698.49 for professional services requested by the JPLs on behalf of the Debtor.  As of the commencement of this Chapter 11 Case, $320,477.60 of the foregoing amount remained unused, and Morgan Lewis is holding it as a retainer.  Subject to further order of the Court, Morgan Lewis anticipates applying its fees and expenses approved in this Chapter 11 Case against the retainer.

17.     Pursuant to Bankruptcy Rule 2016(b), Morgan Lewis has neither shared nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the partners and associates of the firm, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Case or otherwise concerning the Debtor.

18.     The Debtor has agreed to pay Morgan Lewis for the legal services rendered or to be rendered by their attorneys and other personnel in matters related to the Chapter 11 Case on the Debtor's behalf.  The Debtor has also agreed to reimburse Morgan Lewis for its actual and necessary expenses incurred in matters related to this Chapter 11 Case.  The Debtor will have a full opportunity to review all of Morgan Lewis' fees and expenses as set forth in the monthly and interim fee applications to be submitted by Morgan Lewis to the Court.

### V.    Disinterestedness

19.    To the best of the Debtor's knowledge and as disclosed herein and in the Wolfe Declaration, (a) Morgan Lewis is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate, and (b) Morgan Lewis has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Wolfe Declaration.

20.    Subject to the outcome of the Joint Administration Motion, Morgan Lewis anticipates the possible need to expand its conflicts review to the extent appropriate under the circumstances, but in any case, will review its files periodically during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any relevant disclosable facts or connections are discovered, Morgan Lewis will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### BASIS FOR RELIEF

21.    The Debtor seeks to retain Morgan Lewis as its counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).  Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United

> States trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bankr. P. 2014(a)

22.     Based on the facts and for the reasons stated herein and in the Declarations, the retention and employment of Morgan Lewis as counsel to the Debtor pursuant to this Application is necessary and appropriate and satisfies the requirements of sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a).  The Debtor believes that Morgan Lewis is well qualified to represent it in this Chapter 11 Case and related matters in an efficient and timely manner.  The Debtor selected Morgan Lewis as its counsel because of the firm's extensive experience and knowledge with regard to chapter 11 of the Bankruptcy Code and related litigation, its expertise, experience, and knowledge in practicing before this Court, and ability to respond quickly to emergency hearings and other emergency matters.  Morgan Lewis's services will enable the Debtor to execute faithfully its duties as a debtor-in-possession.  To that end, the Debtor respectfully submits that the retention and employment of Morgan Lewis will enable the Debtor to administer its estate during this Chapter 11 Case, is in the best interests of the Debtor and its estate and stakeholders, and should be approved by the Court.

### **NOTICE**

23.     The Debtor will provide notice of this Application to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties identified on the Emergent Debtor's list of 20 largest unsecured creditors; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## **NO PRIOR REQUEST**

24.    No prior request for the relief sought in this Application has been made in this court or in any other court.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and such other and further relief as is just and appropriate.

Dated: March 3, 2023
Wilmington, Delaware

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Email: jody.barillare@morganlewis.com

- and -

John C. Goodchild, III (admitted *pro hac vice*)
Matthew C. Ziegler (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

- and -

Craig A. Wolfe (admitted *pro hac vice*)
Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Email: craig.wolfe@morganlewis.com
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Proposed Counsel for Emergent Fidelity Technologies Ltd as Debtor and Debtor-in-Possession*