## EXHIBIT B

**Wolfe Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Emergent Fidelity Technologies Ltd, | ) Case No. 23-10149 (JTD) |
| | ) |
| Debtor.¹ | ) |
| | ) |

**DECLARATION OF CRAIG A. WOLFE IN SUPPORT OF THE DEBTOR'S APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF MORGAN, LEWIS & BOCKIUS LLP AS ATTORNEYS FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Craig A. Wolfe, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1. I am a partner in the Bankruptcy and Restructuring practice at Morgan, Lewis & Bockius LLP ("Morgan Lewis"), an international law firm of more than 2,000 attorneys. I am resident in our New York office located at 101 Park Avenue, New York, NY 10178.

2. I submit this declaration (the "Declaration") in support of the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Morgan, Lewis & Bockius LLP as Attorneys for the Debtor Effective as of the Petition Date* (the "Application").² Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify thereto.

---

¹ The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

² Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Application.

## MORGAN LEWIS' QUALIFICATIONS

3. Morgan Lewis regularly represents debtors and creditors in large, complex chapter 11 cases across the United States. I will be leading the Morgan Lewis team on the bankruptcy side of this engagement.

## SERVICES TO BE PROVIDED

4. Morgan Lewis will provide the Debtor with a full range of legal services that will include, but not be limited to:

   a. taking all necessary action to protect and preserve the estate of the Debtor, including the prosecution of any actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

   b. providing legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the continued operation of its business;

   c. assisting the Debtor with investigating all potential estate causes of action;

   d. advising the Debtor with respect to the potential sale of its assets and negotiating and preparing on the Debtor's behalf all agreements related thereto;

   e. attending meetings and negotiating with representatives of creditors and other parties-in-interest;

   f. negotiating, preparing, soliciting, and otherwise pursuing confirmation of a plan and any other restructuring alternative;

   g. preparing and prosecuting on behalf of the Debtor, as debtor-in-possession, necessary motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtor's estate;

   h. advising the Debtor with respect to certain corporate, financing, and tax matters as requested by the Debtor;

   i. appearing in court and protecting the interests of the Debtor before the U.S. courts, including this Court;

j. reviewing all pleadings filed in this Chapter 11 Case; and

k. performing all other legal services in connection with this Chapter 11 Case as may reasonably be required.

## DISCLOSURE OF COMPENSATION

5. Morgan Lewis has provided and agrees to continue to provide assistance to the Debtor in accordance with the terms and conditions set forth in the Application and the Declarations. Morgan Lewis intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered by this Court.

6. Morgan Lewis intends to work closely with the representatives of the Debtor, the professionals retained by the JPLs on their behalf and that of the Debtor pursuant to an order of the court that appointed the JPLs in Antigua, and such other professionals as may be retained by the Debtor in the United States to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

7. Subject to this Court's approval, Morgan Lewis will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates (which rates are traditionally adjusted by Morgan Lewis each January 1) in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith. Attorneys and paraprofessionals of Morgan Lewis bill their time in one-tenth hour increments. The range of hourly rates currently charged by Morgan Lewis attorneys and paraprofessionals who are currently or could be staffed on this case, subject to modification depending upon further development, are as follows:

| Category | Rate Range |
| --- | --- |
| Partners | $995-$1,885 |
| Of Counsel | $955 |

3

| | |
|---|---|
| Associates | $690-$870 |
| Paraprofessionals | $200-$415 |

8. My current hourly rate in this case is $1,400 per hour. The current hourly rates for the other Morgan Lewis attorneys with primary responsibility for this matter are:

| Attorney | Attorney Classification | Practice Area | Hourly Rate |
|---|---|---|---|
| John C. Goodchild, III | Partner | Bankruptcy | $1,525 |
| Joshua Dorchak | Partner | Bankruptcy | $1,400 |
| Matthew C. Ziegler | Partner | Bankruptcy | $995 |
| Jody C. Barillare | Of Counsel | Litigation | $955 |
| David K. Shim | Associate | Bankruptcy | $870 |
| Michael K. Gocksch | Associate | Bankruptcy | $840 |

9. Other attorneys and paraprofessionals may from time to time assist in the representation of the Debtor in connection with the Chapter 11 Case at Morgan Lewis's standard hourly rates in effect for those personnel.

10. The hourly rates set forth above are Morgan Lewis's standard hourly rates for legal work of this nature both inside and outside of the bankruptcy context. These rates are set at a level designed to fairly compensate Morgan Lewis for its work.

11. It is also Morgan Lewis's policy to charge its clients in all areas of practice for certain expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying and printing charges, travel expenses, expenses for working meals, computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. We will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to Morgan Lewis's clients outside of bankruptcy.

12.     In addition, Morgan Lewis intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of the Application and related documents, as well as any monthly fee statements or interim or final fee applications and related issues.

13.     There are no arrangements to compensate Morgan Lewis for the work to be performed in connection with the Chapter 11 Case other than as set forth and proposed to be approved in the Application and Declarations. Morgan Lewis has not shared, nor agreed to share, (a) any compensation it has received or may receive with any other party or person, other than with the partners and associates of the firm, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Case or otherwise concerning the Debtor, other than as permitted by the Bankruptcy Code and Bankruptcy Rules.

14.     Prior to the commencement of this Chapter 11 Case, Morgan Lewis has received total payments in the aggregate amount of $1,227,698.49 for professional services requested by the JPLs on behalf of the Debtor. As of the commencement of this Chapter 11 Case, $320,477.60 of the foregoing amount remained unused, and Morgan Lewis is holding it as a retainer. Subject to further order of the Court, Morgan Lewis anticipates applying its fees and expenses approved in this Chapter 11 Case against the retainer.

15.     The foregoing constitutes the statement of Morgan Lewis pursuant to sections 329 and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1.

## MORGAN LEWIS'S CONFLICT AND DISCLOSURE PROCEDURES

16. In preparing this Declaration, I used a set of procedures developed by Morgan Lewis in connection with its conflicts screening process and to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules regarding the retention of professionals under the Bankruptcy Code.

17. In accordance with Morgan Lewis's policies, no new matters may be accepted or opened within the firm without completing and submitting the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter description and the identity of related and adverse parties, to those charged with maintaining the firm's internal conflict check system (the "Conflict Check System").  Accordingly, the database which underlies the firm's Conflict Check System is regularly updated for every new matter undertaken by Morgan Lewis and is designed to include:  (i) every matter for which the firm is now or has been engaged; (ii) the entity by which the firm is now or has been engaged; (iii) the identity of known related parties; (iv) the identity of known adverse parties; and (v) the identity of the attorney in the firm that is knowledgeable about the matter.  The scope of the Conflict Check System is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

18. In connection with Morgan Lewis's disclosure obligations in this case, I caused to be submitted for review under the firm's Conflict Check System a list of the following parties in interest in this case: (1) certain parties in interest identified on a parties-in-interest search list created by Debtor's counsel; and/or (2) any additional parties that warranted a conflict review that I personally identified through my investigation of the Debtor up to the date of the filing of this Declaration (collectively, the "Searched Parties").  A list of the Searched Parties is attached to this Declaration as **Exhibit B-1**.

19. I then supervised the comparison of the Searched Parties to the names that Morgan Lewis has compiled into its Conflict Check System. Any matches between Morgan Lewis's Conflict Check System and the Searched Parties have been identified ("<u>Client Match List</u>") on **Exhibit B-2** attached hereto.

## **MORGAN LEWIS' CONNECTIONS**

20. Neither I, Morgan Lewis, nor any partner, counsel or associate of the firm represents any entity other than the Debtor in connection with the Chapter 11 Case. In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Morgan Lewis, nor any partner of, counsel to, or associate of the firm represents any party in interest other than the Debtor in matters related to the Chapter 11 Case.

21. Morgan Lewis may have performed services in the past and may perform services in the future, in matters unrelated to this Chapter 11 Case, for persons that are parties in interest in the Chapter 11 Case and may have advised parties with an interest in the FTX chapter 11 cases on matters related to those cases but not with respect to this Chapter 11 Case. More specifically, Morgan Lewis has represented in the past three years, currently represents, and/or may represent in the future the entities listed on **Exhibit B-2** in matters unrelated to this Chapter 11 Case. Certain of the entities listed on **Exhibit B-2** are former or inactive clients of the firm. I supervised an inquiry, where appropriate, of the respective Morgan Lewis personnel responsible for the current or former matters identified on **Exhibit B-2** to verify that Morgan Lewis does not represent or hold an interest adverse to the interests of the estate or otherwise in connection with the Debtor or the Chapter 11 Case.

22. In accordance with Bankruptcy Rule 2014(a), Morgan Lewis hereby discloses its connections with the Debtor, its creditors, all other parties-in-interest, and their respective attorneys as follows:

    a. Morgan Lewis began providing legal services on behalf of the Debtor on or about November 29, 2022, the date of the engagement letter executed by the JPLs.

    b. Morgan Lewis anticipates being paid by the Debtor and/or its estate for Morgan Lewis's services at the rates it usually charges for such services, to the extent allowed by the Court after application, notice, and hearing in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other orders of the Court.

    c. Morgan Lewis is not a creditor of the Debtor and has no direct or indirect relationship to, current connection with, or interest in the Debtor or its affiliates listed on **Exhibit B-1**, or any of the Debtor's officers, members or managers.

    d. Except as disclosed herein or on **Exhibit B-2** attached hereto, Morgan Lewis has no prior connections with the Debtor.

    e. Except as disclosed herein or on **Exhibit B-2** attached hereto, Morgan Lewis has no direct or indirect relationship to, current connection with, or interest in the creditors of the Debtor.

23. As part of its everyday practice as a large international law firm, Morgan Lewis appears in numerous bankruptcy, litigation and other cases, proceedings and transactions, in which it has worked and is working with and against numerous attorneys, accountants, financial consultants, investment bankers and other professionals who represent or may in the future represent creditors or other parties-in-interest in this case. Morgan Lewis will only be representing the Debtor in the Chapter 11 Case, and no other parties.

24. Except as disclosed herein, Morgan Lewis has not in the past represented, does not currently represent, and will not in the future represent, any of the entities listed on **Exhibit B-2** in connection with the Chapter 11 Case.

25. To the best of my knowledge, information and belief, and other than as disclosed herein, neither I nor Morgan Lewis, its partners, counsel and associates (a) are creditors, equity security holders or insiders of the Debtor, (b) are and were, within two years before the Petition Date, officers, members or managers of the Debtor, (c) hold or represent any interest materially adverse to the interest of the Debtor's estate, or (d) have connection with any Judge of this Court or the United States Trustee for Region 3 (Delaware Division) (the "U.S. Trustee").

26. Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein, neither Morgan Lewis nor any partner, associate, or counsel of the firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate. Based on the foregoing, I believe that Morgan Lewis is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

27. If Morgan Lewis discovers any information that is contrary to or pertinent to any of the statements made herein, Morgan Lewis will promptly disclose such information to the Court by filing and serving a supplemental declaration on the U.S. Trustee and all parties who have filed a notice of appearance in these proceedings.

28. Furthermore, subject to the outcome of the Joint Administration Motion, Morgan Lewis anticipates the possible need to expand its conflicts review to the extent appropriate under the circumstances, but in any case, will review its files periodically during the pendency of this Chapter 11 Case, to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Morgan Lewis will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

29. Pursuant to paragraph D, section 1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2023, Morgan Lewis responds to the questions set forth therein as follows:

Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No, Morgan Lewis intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Morgan Lewis will use in this Chapter 11 Case are the same as the hourly rates and corresponding rate structure that Morgan Lewis uses in other restructuring matters, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Morgan Lewis provided prepetition legal services on behalf of the Debtor on the terms and conditions as set forth in the Application and described herein.

Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: Morgan Lewis and the JPLs on behalf of Debtor are in the process of developing prospective budget and staffing plans for this Chapter 11 Case based on developments that continue to unfold. Morgan Lewis expects to

10

        submit for approval by the Debtor prospective budgets and staffing plans for the duration of this Chapter 11 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2023  
New York, New York

Respectfully submitted,

*/s/ Craig A. Wolfe*  
Craig A. Wolfe

# EXHIBIT B-1

## Searched Parties List[1]

| Debtor | |
|---|---|
| Emergent Fidelity Technologies Ltd | |
| **Joint Provisional Liquidators ("JPLs") of the Debtor** | |
| Angela Barkhouse | Toni Shukla |
| **Debtor's Proposed Professional(s) in United States** | |
| Morgan, Lewis & Bockius LLP | |
| **Debtor's / JPLs' Professionals in Antigua** | |
| Forbes Hare | Lake, Kentish & Bennett Inc. |
| Essex Court Chambers | Mourant |
| Quantuma (Cayman) Limited | |
| **FTX Chapter 11 Debtors' Professionals** | |
| Sullivan & Cromwell LLP | Kroll Restructuring Administration LLC |
| Landis Rath & Cobb LLP | Owl Hill Advisory, LLC |
| John J. Ray III | RLKS Executive Solutions LLC |
| Ernst & Young LLP | Alvarez & Marsal North America, LLC |
| AlixPartners, LLP | Quinn Emanuel Urquhart & Sullivan, LLP |
| Perella Weinberg Partners LP | |
| **Secured Lender(s)** | |
| Fulcrum Distressed Partners Limited | |
| **Equity Holders** | |
| Samuel Bankman-Fried | Zixiao "Gary" Wang |
| **Other Parties in Interest** | |
| Caroline Ellison | Robinhood Markets, Inc. |
| Alameda Aus Pty Ltd | FTX Trading GmbH |
| Alameda Global Services Ltd. | FTX Trading Ltd |
| Alameda Research (Bahamas) Ltd | FTX TURKEY TEKNOLOJİ VE TİCARET ANONİM ŞİRKET |
| Alameda Research Holdings Inc. | FTX US Services, Inc. |
| Alameda Research KK | FTX US Trading, Inc |
| Alameda Research LLC | FTX Ventures Ltd |
| Alameda Research Ltd | FTX Zuma Ltd |
| Alameda Research Pte Ltd | GG Trading Terminal Ltd |
| Alameda Research Yankari Ltd | Global Compass Dynamics Ltd. |
| Alameda TR Ltd | Good Luck Games, LLC |
| Alameda TR Systems S. de R. L. | Goodman Investments Ltd. |
| Allston Way Ltd | Hannam Group Inc |
| Analisya Pte Ltd | Hawaii Digital Assets Inc. |
| Atlantis Technology Ltd. | Hilltop Technology Services LLC |

---

[1] The list (and the categories contained herein) is for the purpose of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose.

| | |
|---|---|
| Bancroft Way Ltd | Hive Empire Trading Pty Ltd |
| Blockfolio, Inc. | Innovatia Ltd |
| Blue Ridge Ltd | Island Bay Ventures Inc |
| Cardinal Ventures Ltd | Killarney Lake Investments Ltd |
| Cedar Bay Ltd | Ledger Holdings Inc. |
| Cedar Grove Technology Services, Ltd | LedgerPrime Bitcoin Yield Enhancement Fund, LLC |
| Clifton Bay Investments LLC | LedgerPrime Bitcoin Yield Enhancement Master Fund LP |
| Clifton Bay Investments Ltd | LedgerPrime Digital Asset Opportunities Fund, LLC |
| Cottonwood Grove Ltd | LedgerPrime Digital Asset Opportunities Master Fund LP |
| Cottonwood Technologies Ltd. | Ledger Prime LLC |
| Crypto Bahamas LLC | LedgerPrime Ventures, LP |
| DAAG Trading, DMCC | Liquid Financial USA Inc. |
| Deck Technologies Holdings LLC | LiquidEX LLC |
| Deck Technologies Inc. | Liquid Securities Singapore Pte Ltd |
| Deep Creek Ltd | LT Baskets Ltd. |
| Digital Custody Inc. | Maclaurin Investments Ltd. |
| Euclid Way Ltd | Mangrove Cay Ltd |
| FTX (Gibraltar) Ltd | North Dimension Inc |
| FTX Canada Inc | North Dimension Ltd |
| FTX Certificates GmbH | North Wireless Dimension Inc |
| FTX Crypto Services Ltd. | Paper Bird Inc |
| FTX Digital Assets LLC | Pioneer Street Inc. |
| FTX Digital Holdings (Singapore) Pte Ltd | Quoine India Pte Ltd |
| FTX EMEA Ltd. | Quoine Pte Ltd |
| FTX Equity Record Holdings Ltd | Quoine Vietnam Co. Ltd |
| FTX EU Ltd. | SNG INVESTMENTS YATIRIM VE DANIŞMANLIK ANONİM ŞİRKETİ |
| FTX Europe AG | Strategy Ark Collective Ltd. |
| FTX Exchange FZE | Technology Services Bahamas Limited |
| FTX Hong Kong Ltd | Verdant Canyon Capital LLC |
| FTX Japan Holdings K.K. | West Innovative Barista Ltd. |
| FTX Japan K.K. | West Realm Shires Financial Services Inc. |
| FTX Japan Services KK | West Realm Shires Inc. |
| FTX Lend Inc. | West Realm Shires Services Inc. |
| FTX Marketplace, Inc. | Western Concord Enterprises Ltd. |
| FTX Products (Singapore) Pte Ltd | Zubr Exchange Ltd |
| FTX Property Holdings Ltd | FTX Digital Markets Ltd. |
| FTX Services Solutions Ltd. | |
| FTX Structured Products AG | |
| FTX Switzerland GmbH | |

| Broker | |
|---|---|
| Marex Capital Markets, Inc. (f/k/a ED&F Man Capital Markets, Inc.) | |
| **Litigation Counterparties** | |
| BlockFi Inc. | BlockFi International LLC |
| BlockFi Lending LLC | |
| **Top 20 Creditors** <br> **(Excluding Duplicates In Other Categories)** | |
| Hazoor Digital Assets Fund, LP | Yonatan Ben Shimon |
| **Federal Attorneys General** | |
| U.S. Attorney's Office <br> District of Delaware – Civil Division | U.S. Department of Justice – Civil Division <br> Commercial Litigation Branch |
| **U.S. Trustee's Office – Region 3 (Delaware Division)** | |
| Joseph McMahon | Jane Leamy |
| Linda Casey | Hannah M. McCollum |
| Denis Cooke | Michael Panacio |
| Joseph Cudia | Linda Richenderfer |
| Timothy J. Fox, Jr. | Juliet Sarkessian |
| Benjamin Hackman | Richard Schepacarter |
| Andrew Vera | Rosa Sierra-Fox |
| Holly Dice | James O'Malley |
| Nyanquoi Jones | |
| **U.S. Bankruptcy Court Judges for the District of Delaware** | |
| Chief Judge Laurie Selber Silverstein | Judge J. Kate Stickles |
| Judge John T. Dorsey | Judge Mary F. Walrath |
| Judge Craig T. Goldblatt | Judge Ashely M. Chan |
| Judge Karen B. Owens | Judge Brendan L. Shannon |

**EXHIBIT B-2**

**Client Match List**

| Category | Name of Entity Searched | Hits: Name of Entity and/or Affiliate of Entity that is a MLB Client or Affiliated with a MLB Client | Status |
|---|---|---|---|
| **Debtor's / JPLs' Professionals in Antigua** | Quantuma (Cayman) Limited | Quantuma (Middle East) Limited | This is an affiliate of the JPLs' firm and while not a conflict given that the JPLs are the persons who sought Morgan Lewis' involvement on behalf of the Debtor, this matter for Quantuma (Middle East) Limited has concluded and is closed. |
| **FTX Chapter 11 Debtors' Professionals** | Sullivan & Cromwell LLP | Sullivan & Cromwell LLP | Morgan Lewis previously represented Sullivan & Cromwell LLP in matters that concluded and are closed. |
| | Ernst & Young LLP | Ernst & Young LLP | Morgan Lewis represents Ernst & Young LLP and certain of its affiliates in matters unrelated to the Debtor or the FTX chapter 11 cases. |
| | | EY Consulting | Same |
| | | Ernst & Young Societe d'Avocats | Same |
| | | Ernst & Young Transactions Limited | Same |
| | AlixPartners, LLP | AlixPartners | Morgan Lewis represents AlixPartners in matters unrelated to the Debtor or the FTX chapter 11 cases. |
| | Kroll Restructuring Administration LLC | Kroll | Morgan Lewis represents Kroll LLC and certain of its affiliates in matters unrelated to the Debtor or the FTX chapter 11 cases. |
| | | Kroll LLC | Same |
| | | Kroll Associates Inc. | Same |

| Category | Name of Entity Searched | Hits: Name of Entity and/or Affiliate of Entity that is a MLB Client or Affiliated with a MLB Client | Status |
|---|---|---|---|
| | Alvarez & Marsal | Alvarez & Marsal | Morgan Lewis represents Alvarez & Marsal in matters unrelated to the Debtor or the FTX chapter 11 cases. |
| **Equity Holders** | Samuel Bankman-Fried | FTX Foundation, Inc. | Morgan Lewis has advised FTX Foundation regarding charitable and tax matters. |
| **Other Parties in Interest** | Robinhood Markets, Inc. | Robinhood Financial, LLC | Morgan Lewis has represented Robinhood Financial, LLC and an affiliate in matters unrelated to the FTX and this chapter 11 case. |
| | | Robinhood Markets, Inc. | Same |
| | FTX Trading GmbH | FTX Foundation, Inc. | See above related to same hit on Samuel Bankman-Fried |
| | FTX Chapter 11 Debtors | Quoine Ptd Ltd | Morgan Lewis was contacted early in the FTX bankruptcy cases on insolvency-related issues in Singapore regarding Quoine Ptd Ltd. The matter did not proceed and was subsequently closed. |
| **Litigation Counterparties** | BlockFi Inc. | BlockFi NB LLC | Morgan Lewis previously represented a joint venture between BlockFi and an unrelated entity in a project that was terminated bringing the matter to a close prior to the Petition Date. |
| | BlockFi International LLC | | |
| | BlockFi Lending LLC | | |
| **Federal Attorneys General** | U.S. Department of Justice – Civil Division Commercial Litigation Branch | As with any large national law firm, Morgan Lewis represents or in the past represented numerous clients adverse to or in connection with matters involving the U.S. Department of Justice. | |

2