# EXHIBIT C

**Barkhouse Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Emergent Fidelity Technologies Ltd,<br><br>Debtor.[1] | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23-10149 (JTD) <br> ) <br> ) <br> ) |

**DECLARATION OF ANGELA BARKHOUSE IN SUPPORT OF THE DEBTOR'S
APPLICATION FOR ORDER AUTHORIZING RETENTION AND
EMPLOYMENT OF MORGAN, LEWIS & BOCKIUS LLP AS
ATTORNEYS FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Angela Barkhouse pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1.  I am a Managing Director of Quantuma (Cayman) Limited, part of the Quantuma group, a financial, restructuring, and forensic advisory firm that operates in various locations around the world, including in the Caribbean. I am resident in the Cayman Islands. My colleague Toni Shukla of Quantuma (BVI) Limited (resident in the British Virgin Islands) and I are the Joint Provisional Liquidators (the "JPLs") of Emergent Fidelity Technologies Ltd (the "Debtor"), a company formed under the laws of Antigua and Barbuda. We were appointed as JPLs for the Debtor by the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda by an order dated December 5, 2022.

2.  I submit this declaration (the "Declaration") in support of the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Morgan, Lewis & Bockius LLP as*

---

[1] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

DB1/ 136485082.2

*Attorneys for the Debtor Effective as of the Petition Date* (the "Application").[2]  I have reviewed and am familiar with the contents of the Application and the declaration of Craig A. Wolfe in support of the Application attached thereto as **Exhibit B** (the "Wolfe Declaration").  Except as otherwise indicated, the facts set forth herein are based upon my personal knowledge, my review of relevant documents, information provided to me by the professionals that have been engaged to advise the JPLs and the Debtor, or my opinion based upon my restructuring and legal experience.

## DEBTOR'S SELECTION OF COUNSEL

3.     The Debtor seeks to retain Morgan Lewis for its expertise and extensive experience and knowledge in the field of financial restructuring and business reorganizations under Chapter 11 of the Bankruptcy Code.  The Debtor recognizes that Morgan Lewis, with more than 2,000 attorneys practicing in offices across the United States and in many other countries, is able to quickly—and efficiently—address any conceivable issue in this Chapter 11 Case.

4.     The Debtor has determined that the quality, reliability and creativity of legal services available to the Debtor will be an important contributor to recovery efforts in this uniquely challenging Chapter 11 Case.  Morgan Lewis is one of the leading law firms in the world in all of the key practice areas anticipated to influence whether or not the Debtor can accomplish its objectives, including U.S. bankruptcy law, cross-border restructuring and related litigation.  The Debtor has requested that Morgan Lewis make available a selected team of experienced partners with expertise in each of these disciplines for personal, hands-on involvement in this Chapter 11 Case, and Morgan Lewis has agreed to do so for the duration of the engagement.

5.     The Debtor believes this Chapter 11 Case will be of unusual scope and complexity and that the matter requires a lead law firm with experience in coordinating similar multi-

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Application.

disciplinary matters in multiple jurisdictions. The Morgan Lewis team includes lawyers with personal experience coordinating matters of similar scope.

## RATE STRUCTURE

6. The Debtor has reviewed and discussed with Morgan Lewis the proposed rates for Morgan Lewis' legal services in connection with this Chapter 11 Case. Morgan Lewis has informed the Debtor that the hourly rates and corresponding rate structure Morgan Lewis will use in this Chapter 11 Case are consistent with the hourly rates and corresponding rate structure that Morgan Lewis uses in other restructuring matters, regardless of whether a fee application is required, and that this rate structure is consistent with, or in some cases lower than, that of other large firms that handle complex restructuring matters that are national and often global in scope, involving substantial complexity, high stakes, and severe time pressures. Morgan Lewis has agreed that it will charge for services performed during this Chapter 11 Case on the basis of the hourly rates described in the Application and the Wolfe Declaration.

## COST SUPERVISION

7. Morgan Lewis and the Debtor are in the process of refining their prospective budget and staffing plans for this Chapter 11 Case in light of facts and circumstances that are evolving. The Debtor recognizes its responsibility to monitor closely the billing practices of its counsel and other retained professionals (if any) to ensure that the fees and expenses paid by the estate remain consistent with the Debtor's expectation and are appropriate under the circumstances of this Chapter 11 Case.

8. The Debtor will review and make any appropriate adjustments to the prospective budgets and staffing plans to be submitted by Morgan Lewis during this Chapter 11 Case, and will review Morgan Lewis' fees and expenses as set forth in the monthly and interim fee applications

4

to be submitted by Morgan Lewis to the Court in order to ensure that such fees and expenses are reasonable and appropriate under the circumstances. While every chapter 11 case is unique, I believe this review will enable the Debtor to effectively supervise legal fees and expenses incurred in this Chapter 11 Case, including budgeting and staffing of legal personnel with regard to specific matters in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2023

Respectfully submitted,

*/s/* 

Angela Barkhouse