**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Emergent Fidelity Technologies, Ltd., | Case No. 23-10149 (JTD) |
| Debtor.[1] | **Requested Hearing Date:** **March 14, 2023, at 10:00 a.m. (ET)** |
| | **Requested Objection Deadline:** **March 13, 2023, at 4:00 p.m. (ET)** |

**BLOCKFI'S MOTION TO STRIKE (I) FTX DEBTORS' OPPOSITION TO BLOCKFI'S MOTION TO DISMISS AND (II) JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE FTX DEBTORS TO THE FTX DEBTORS' OPPOSITION TO BLOCKFI'S MOTION FOR ENTRY OF AN ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE**

BlockFi Inc., BlockFi Lending LLC, and BlockFi International LLC (together, "BlockFi"), hereby move (this "Motion")[2] to strike (i) *FTX Debtors' Opposition to BlockFi's Motion to Dismiss* [D.I. 41] (the " FTX Objection") filed by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors") and the (ii) *Joinder of the Official Committee of Unsecured Creditors of the FTX Debtors to the FTX Debtors' Opposition to BlockFi's Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case* [D.I. 50] (the "UCC Joinder") filed by the official committee of unsecured creditors (the "FTX Committee") in the FTX Case (as defined below). In support of this Motion, BlockFi respectfully represents as follows:

[1] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd., a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not defined herein are defined in the Motion.

## PRELIMINARY STATEMENT

1. The FTX Committee's and FTX Debtors' attempt to interject themselves into the possible dismissal of this bankruptcy case is improper. Both groups lack standing to oppose BlockFi's pending Motion to Dismiss. Nine creditors comprise the FTX Committee—none of which are creditors or parties in interest in Emergent's bankruptcy case. Furthermore, the FTX Debtors, who have no substantiated ownership or other interest in the Debtor's once-held sole asset (the Shares), do not have a sufficient stake in the outcome of this particular proceeding to maintain standing. Replete with unsupported factual allegations, the FTX Objection attempts to misconstrue the real issue before this Court: the dismissal of the Emergent's bankruptcy case. Indeed, the FTX Debtors' assertions regarding ownership of the Shares do not establish a basis for standing to object to BlockFi's Motion to Dismiss. Accordingly, both the FTX Committee and the FTX Debtors lack standing with respect to this proceeding, and the Court should strike the FTX Objection and the UCC Joinder in their entirety.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), BlockFi consents to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9013-1(d) of *Local Rules of Bankruptcy*

*Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules").

**BACKGROUND**

4. The relevant background is set forth in BlockFi's *Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case* and supporting declarations [D.I. 32] (the "Motion to Dismiss"). BlockFi hereby incorporates the Motion to Dismiss fully herein.

5. On November 11 and 14, 2022, the FTX Debtors initiated chapter 11 cases, which are jointly administered in *In re FTX Trading, Ltd.*, Case No. 22-11068 (JTD) (the "FTX Case").

6. Thereafter, in the FTX Case, the Office of the United States Trustee appointed and established the FTX Committee. *See* Case No. 22-11068, D.I. 261. The FTX Committee is comprised of nine creditors: (i) Zachary Bruch; (ii) Coincident Capital International, Ltd.; (iii) GGC International Ltd.; (iv) Octopus Information Ltd.; (v) Pulsar Global Ltd., (vi) Larry Qian; (vii) Acaena Amoros Romero; (viii) Wincent Investment Fund PCC Ltd.; and (ix) Wintermute Asia PTE. Ltd. *See id.*

7. On February 3, 2023 (the "Petition Date"), Emergent Fidelity Technologies Ltd. ("Emergent") filed for bankruptcy in this Court. Thereafter, Emergent filed its schedules of assets and liabilities [D.I. 34] (the "Schedules") and statement of financial affairs [D.I. 35]. None of the creditors comprising the FTX Committee are identified in Emergent's Schedules. Nor have any of these entities or individuals identified (i) any steps they have taken to assert any claim against Emergent or its alleged assets in the FTX Case or (ii) the basis of any claims they believe they have against Emergent or its alleged assets. The FTX Debtors are listed as an unsecured creditor on Schedule E/F.

8. On February 16, 2023, BlockFi filed its Motion to Dismiss this case.

9. Twenty-five days after the Petition Date (and after BlockFi filed the Motion to Dismiss), Emergent filed a motion [D.I. 38] (the "Administration Motion") to jointly administer its chapter 11 bankruptcy with the FTX Case. BlockFi filed a limited objection [D.I. 58] in response, and the Administration Motion remains pending before the Court.

10. On March 2, 2023, Emergent filed its response [D.I. 40] (the "Emergent Response"). On the same day, the FTX Debtors and FTX Committee filed the FTX Objection and UCC Joinder, respectively.

## RELIEF REQUESTED

11. BlockFi respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, striking the FTX Objection and the UCC Joinder in their entirety.

## ARGUMENT

12. Both the FTX Committee and the FTX Debtors lack standing to object to the Motion to Dismiss. A party must establish standing to appear and be heard in a bankruptcy case. *In re Global Indus. Tech., Inc.*, 645 F.3d 201, 210–11 (3d Cir. 2011). Constitutional standing under Article III, which requires a party to suffer an "injury in fact" that is "concrete," "distinct and palpable," and "actual and imminent," is coextensive with standing in bankruptcy cases under section 1109(b) of the Bankruptcy Code. *Id.* at 211 ("Article III standing and standing under the Bankruptcy Code are effectively coextensive.").

13. Section 1109(b) identifies parties in interest who may have a right to be heard in a bankruptcy case:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). This list of potential parties in interest is not exclusive. *Global*, 645 F.3d at 210. In determining the boundaries of § 1109(b), the Third Circuit has held that a party in interest is one with a "sufficient stake in the proceeding so as to require representation" or a "legally protected interest that could be affected by a bankruptcy proceeding." *Id.*; *see also In re Combustion Eng'g, Inc.*, 391 F.3d 190, 210 (3d Cir. 2004) (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985)).

14. A creditor of a creditor, however, generally does not have standing in a bankruptcy case. *In re Lifeco Inv. Group, Inc.*, 173 B.R. 478, 487 (Bankr. D. Del. 1994) ("I find no statutory or judicial support to conclude that a creditor of a creditor has standing in a bankruptcy case."); *In re Mountain Creek Resort, Inc.*, 616 B.R. 45, 52 (Bankr. D.N.J. 2020) ("[C]reditors of creditors generally lack standing to participate in bankruptcy cases. Indeed, numerous cases state the contrary.") (collecting cases); *In re Alliance Consulting Grp., LLC*, 588 B.R. 169, 174 (Bankr. S.D. Miss. 2018) (same). When challenged, the party asserting standing bears the burden of demonstrating standing. *In re La Sierra Financial Services, Inc.*, 290 B.R. 718, 726 (9th Cir. BAP 2002); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). Here, the FTX Committee and the FTX Debtors are not parties in interest or have no purported injury that would establish standing in connection with the Motion to Dismiss.

**A. The FTX Committee Lacks Standing to Join in an Objection to the Motion to Dismiss.**

15. The FTX Committee is comprised of creditors with claims against the FTX Debtors—not Emergent. The FTX Committee, as a committee, has no claim whatsoever against Emergent and has not articulated or asserted any such claims. And BlockFi is unaware of any case in which a committee in one bankruptcy case was found to be a party in interest[3] in another

[3] The FTX Committee cannot rely on § 1109(b) to establish itself as a party in interest. Though the provision identifies a "creditors' committee" as a party-in-interest, that provision refers to a creditors' committee duly

bankruptcy case. Accordingly, as a creditor to a purported creditor rather than a party in interest, the FTX Committee lacks standing to appear in this proceeding. *See Lifeco*, 173 B.R. at 487; *Mountain Creek Resort*, 616 B.R. at 52; *Alliance*, 588 B.R. at 174; *see also In re Boy Scouts of America and Delaware BSA, LLC*, 642 B.R. 504, 552 n. 220 (Bankr. D. Del. 2022) (finding that the committee, which may have been comprised of parties who held claims against the debtors, lacked standing as a committee to appear in the case). Accordingly, the UCC Joinder must be struck in its entirety.

**B. The FTX Debtors Lack Standing[4] to Object to the Motion to Dismiss.**

16. The FTX Debtors are not a party in interest under § 1109(b) and do not have standing to object to the Motion to Dismiss. Despite Emergent listing the FTX Debtors on its Schedule E/F with a contingent, unliquidated, disputed claim for potentially diverted funds, the FTX Debtors lack any legitimate interest in the Shares.[5]

17. At best, the FTX Debtors have an indirect claim to the Shares. Indeed, the Emergent Response avers that Emergent "purchased the [Shares] in early 2022 with funds that SBF and [Gary] Wang had purportedly borrowed from Alameda Research Ltd."[6] Emergent Response at 1–2. The FTX Debtors have not disputed this assertion. So, if Emergent is to be

---

appointed in a bankruptcy case and confers standing to appear and be heard in that bankruptcy case. Any other interpretation or reading of § 1109(b) would lead to absurd results in which any committee can appear in any bankruptcy case, effectively eradicating any limit to the standing doctrine.

[4] To the extent the FTX Debtors attempt to establish standing in Emergent's bankruptcy by its status as BlockFi's creditor, the attempt must be denied. As discussed above, a creditor of a creditor lacks standing in a bankruptcy case. *E.g.*, *In re Lifeco Inv. Group, Inc.*, 173 B.R. at 487.

[5] Interestingly, if the FTX Debtors owned the Shares (or had some avoidance rights with respect to the Shares), the FTX Debtors would presumably want the Court to *grant* the Motion to Dismiss as it would reduce the number of entities in bankruptcy claiming some interest in the Shares, streamlining the FTX Debtors' pursuit of the Shares. But despite filing the FTX Case almost three months ago, the FTX Debtors (and the FTX Committee) have yet to pursue any avoidance action or other claim they purport to have against Emergent.

[6] Emergent alleges that SBF owns 90% of the Debtor, and Wang own the other 10%. [D.I. 40 at 1].

believed, FTX Debtor Alameda is an alleged creditor of SBF and Wang, not Emergent. Meaning Alameda has an indirect claim to the Shares that must flow through SBF and Wang. And without a claim against Emergent, the FTX Debtors are not a party in interest and lack standing.

18. Even if the FTX Debtors had an interest in the Shares, they still lack standing.[7] The FTX Debtors do not have a sufficient stake in the resolution of the Motion to Dismiss nor do they risk a concrete or imminent injury. The FTX Objection primarily argues that this Court must determine ownership of the Shares and therefore this Court should permit Emergent to proceed in bankruptcy to streamline and resolve the litigation over the Shares. But the question of who owns the Shares is distinct from the question before this Court: whether Emergent's bankruptcy case should be dismissed. To be clear, there is no pending proceeding in Emergent's bankruptcy case regarding who owns the Shares.

19. The FTX Debtors *may* have standing to appear and be heard in that dispute, but there is no such dispute before this Court. Instead, that dispute is pending in the BlockFi Action (as defined in the Motion to Dismiss) filed on November 28, 2022, in the United States Bankruptcy Court for the District of New Jersey—over two months before Emergent filed this case. Emergent and the FTX Debtors are certainly welcome to participate in the BlockFi Action, and both Emergent and the FTX Debtors have previously appeared in that proceeding.[8]

20. What is before this Court is BlockFi's Motion to Dismiss—not an adjudication of any parties' rights to the Shares. And the FTX Debtors simply have no stake in its outcome. The

---

[7] Nor should the FTX Debtors be allowed to use the Administration Motion to establish standing. The Administration Motion was filed more than three weeks after the Petition Date and after BlockFi filed its Motion to Dismiss. Regardless, the Administration Motion remains pending before the Court.

[8] These appearances by the FTX Debtors and Emergent are documented in the following hearing transcripts: December 28, 2022 Hr'g Tr. at 3:16–23, Case No. 22-01382-MBK (Bankr. D.N.J. Dec. 28, 2022) (D.I. 30) (Emergent); January 9, 2023 Hr'g Tr. at 71:25–72:80:11 (Emergent) and 6:12-14, 61:1-71:22 (FTX), Case No. 22-01382-MBK (Bankr. D.N.J Jan. 9, 2022) (D.I. 59); February 21, 2023 Hr'g Tr. at 10:23-11:13, Case No. 22-19361-MBK (Bankr. D.N.J Feb. 21, 2023) (D.I. 539) (Emergent); *see also* Amended Notice of Appearance of Counsel for Emergent in the BlockFi Action, Case No. 22-01382-MBK (Bankr. D.N.J Feb. 13, 2023) (D.I. 58).

FTX Debtors would suffer no concrete harm by the Motion to Dismiss or its resolution, because the FTX Debtors would still have the FTX Case and the BlockFi Action in which it could pursue any purported interest in the Shares.

21. For the foregoing reasons, the FTX Debtors lack standing to be heard regarding the Motion to Dismiss and the FTX Objection should be struck in its entirety.

## CONCLUSION

22. For the reasons stated herein, BlockFi respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, striking the FTX Objection and UCC Joinder in their entirety and awarding such other and further relief as the Court deems just and proper.

Dated: March 9, 2023
Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott* ____________________
Derek C. Abbott (No. 3376)
1201 North Market Street, Suite 1600
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbott@morrisnichols.com

and

**HAYNES AND BOONE, LLP**

Richard S. Kanowitz (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Email: Richard.Kanowitz@haynesboone.com

Richard D. Anigian (admitted *pro hac vice*)
Charles M. Jones II (admitted *pro hac vice*)
2323 Victory Avenue
Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email: Rick.Anigian@haynesboone.com
Charlie.Jones@haynesboone.com

*Counsel for BlockFi Inc. and its affiliates*