# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Emergent Fidelity Technologies Ltd.,[1] | Case No. 23-10149 (JTD) |
| Debtor. | (Joint Administration Requested) |
| | **Hearing Date:** TBD |

## FTX DEBTORS' OBJECTION TO BLOCKFI'S MOTION TO STRIKE

FTX Trading Ltd., Alameda Research Ltd. ("Alameda") and their affiliated debtors and debtors-in-possession (collectively, the "FTX Debtors")[2] hereby file this Objection (the "Objection") to *BlockFi's Motion to Strike (I) FTX Debtors' Opposition to BlockFi's Motion to Dismiss and (II) Joinder of the Official Committee of Unsecured Creditors of the FTX Debtors to the FTX Debtors' Opposition to BlockFi's Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case* [D.I. 63] (the "Motion to Strike"), submitted by BlockFi Inc. ("BlockFi Inc."), BlockFi Lending LLC ("BlockFi Lending"), and BlockFi International Ltd. ("BlockFi International," together with BlockFi Inc. and BlockFi Lending, "BlockFi") in connection with its motion to dismiss this chapter 11 case [D.I. 32] (the "Motion to Dismiss"). In support of the Objection, the FTX Debtors respectfully represent as follows:

---

[1] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd., a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## PRELIMINARY STATEMENT

1. BlockFi's Motion to Strike is without merit. The FTX Debtors unquestionably are parties in interest in the Emergent Bankruptcy Proceeding and should be heard in connection with BlockFi's Motion to Dismiss.[3] Not only are the FTX Debtors creditors of the Emergent Debtor, as the Emergent Debtor explicitly acknowledges in its filings before this Court, the FTX Debtors have asserted ownership to the primary asset claimed by the Emergent Debtor: the Robinhood Shares. The FTX Debtors plainly have standing to be heard on the Motion to Dismiss.

2. In fact, the Motion to Strike is BlockFi's latest attempt to avoid scrutiny by this Court of its actions during the week of November 7, 2022, where it coerced Alameda executives to pledge property to BlockFi to forbear repayment of Alameda loans for one week. BlockFi purports to be a creditor of the Emergent Debtor on account of this specious pledge of assets by Emergent to BlockFi, which was made to support BlockFi's loans to *Alameda* on the eve of the FTX Debtors filing for bankruptcy protection. That pledge is either void or avoidable, which will be determined in future proceedings.

3. BlockFi never once identifies any meaningful reason why the Court should decline to consider the FTX Debtors' Opposition to BlockFi's Motion to Dismiss. And that is because there is none. If BlockFi truly believes the Emergent Bankruptcy Proceeding should be dismissed, it should be able to overcome the objections of all interested parties.

4. BlockFi pretends that its Motion to Dismiss presents a two-party dispute between BlockFi and Emergent in an attempt to deny the FTX Debtors (and the Official Committee

---

[3] Capitalized terms not defined herein are defined in the *FTX Debtors' Opposition to BlockFi's Motion to Dismiss* [D.I. 41] (the "Opposition").

-2-

of Unsecured Creditors of the FTX Debtors) their right to be heard as a party in interest. To construct this argument, BlockFi misrepresents the FTX Debtors' claims against Emergent and oddly contends that ownership of the Shares is a tangential issue that has no bearing on whether the FTX Debtors can be heard on BlockFi's motion. Neither argument withstands scrutiny. As the Opposition makes clear, the FTX Debtors have multiple interests in the Emergent Bankruptcy Proceeding, including potential avoidance claims against Emergent, all of which concern the FTX Debtors' asserted ownership of the Shares.

5. To be clear, everything in the Emergent Bankruptcy Proceeding and the adjudication of BlockFi's purported rights impact and involve the FTX Debtors. Recognizing this, the Emergent Debtor has filed a motion to have the Emergent case jointly administered with the cases of the FTX Debtors, and BlockFi *has not objected* to joint administration (assuming the Motion to Dismiss is denied). Yet in BlockFi's world, the cases could be jointly administered but the FTX Debtors could not participate in matters concerning the Emergent Debtor. This makes no sense.

6. The FTX Debtors have standing to be heard in the Emergent Bankruptcy Proceeding generally, and specifically with respect to the Motion to Dismiss. As a result, the Motion to Strike should be denied.

## BACKGROUND

7. The relevant background is set forth in the Opposition. The FTX Debtors hereby incorporate the Opposition fully herein.

## ARGUMENT

8. The FTX Debtors have a right to be heard on BlockFi's Motion to Dismiss because they are parties in interest in the Emergent Bankruptcy Proceeding for at least four reasons.

9. *First*, the FTX Debtors have asserted that they own the assets of the Emergent Debtor, and did so prior to the Emergent Bankruptcy Proceeding being filed, including in filings before this Court. (*See* Stay Enforcement Motion ¶¶ 46-60 [FTX Bankruptcy Proceedings D.I. 291].) This alone makes the FTX Debtors parties in interest because the asserted ownership of the Shares, which are presently part of the Emergent Debtor's estate, is a "legal interest" of the FTX Debtors that will be implicated by the Emergent Bankruptcy Proceeding. *See In re Koch*, 229 B.R. 78, 82 (Bankr. E.D.N.Y. 1999) (holding that the NBA was a party in interest because "it claims to be the owner of property which the Debtor claims belongs to his bankruptcy estate").

10. *Second*, the FTX Debtors are a creditor for purposes of section 1109(b) of the Bankruptcy Code. At minimum, Alameda is the largest creditor of the Emergent Debtor, whose assets were purchased with Alameda's funds through Samuel Bankman-Fried, an insider, in a plainly avoidable transaction. As explained in the Stay Enforcement Motion, the Shares likely were purchased using Alameda funds and then transferred to Emergent for no apparent consideration. (Stay Enforcement Motion ¶¶ 11, 18–20.) This potentially fraudulent transfer gives rise to avoidance claims the FTX Debtors hold against Emergent.

11. *Third*, the FTX Debtors are also parties in interest in the Emergent Bankruptcy Proceeding because it appears that Mr. Bankman-Fried and Zixiao (Gary) Wang "borrowed" hundreds of millions of dollars from Alameda in connection with the purchase of the Shares. The FTX Debtors therefore have avoidance claims against Mr. Bankman-Fried and Mr. Wang, which they may use to recover the Shares from the Emergent Debtor. *See* 11 U.S.C. § 550(a) ("to the extent that a transfer is avoided . . . the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from (1) the

initial transferee . . . or (2) *any immediate or mediate transferee* of such initial transferee" (emphasis added)); *In re Rosenblum*, 545 B.R. 846, 858 (Bankr. E.D. Pa. 2016) ("avoidance actions under § 544 could have been filed against the initial, immediate, or mediate transferee"). Those assets can be recovered from the Emergent Debtor as the immediate recipient of the fraudulent transfer.

12. The FTX Debtors are creditors of the Emergent Debtor because they are "alleging that property within the bankruptcy estate rightfully belongs to" them and they are "directly vindicating [their] own legal rights." *In re Sapphire Dev., LLC*, 523 B.R. 1, 6 (D. Conn. 2014) ("McKay meets the standing requirements of 11 U.S.C. § 1109 because of his financial stake in the outcome of the bankruptcy."). The Emergent Debtor acknowledges that the FTX Debtors have asserted such claims, and therefore lists the FTX Debtors as creditors of the Emergent Debtor on its Schedules of Assets and Liabilities filed with this Court. (*See Notice of Amendments to Debtor's Summary of Assets and Liabilities, Schedule A/B, and Schedule E/F* [D.I. 59] at 17.) The FTX Debtors' "claim against the debtor that arose at the time of or before the order for relief concerning the debtor," 11 U.S.C. § 101(10)(A), makes them creditors of the Emergent Debtor and thus parties in interest in the Emergent Bankruptcy Proceeding pursuant to Section 1109(b) of the Bankruptcy Code.

13. *Finally*, as BlockFi acknowledges, the list of potential parties in interest articulated in 11 U.S.C § 1109(b) is not exclusive and a party only need assert a "legally protected interest that could be affected by a bankruptcy proceeding." (Motion to Strike ¶ 13, quoting *In re Global Indus. Tech., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011)). "Courts have construed Section 1109(b) broadly to permit parties affected by a chapter 11 proceeding to appear and be heard." *In re Owens Corning Armstrong World Indus., Inc.*, 560 B.R. 229, 232 (Bankr. D. Del. 2016), *aff'd*

*sub nom. In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733 (D. Del. 2018), *aff'd sub nom. In re A C & S Inc.*, 775 F. App'x 78 (3d Cir. 2019) (quotations omitted).

14. While true that the Motion to Dismiss will not resolve who owns the Shares (Motion to Strike ¶¶ 19–20), that is irrelevant. The fact is that everything in the Emergent Bankruptcy Proceeding, including the eventual adjudication of BlockFi's purported rights, impacts and involves the FTX Debtors and their stakeholders. Whether the Emergent Debtor's assets, including the Shares now seized by the DOJ, are available to satisfy claims asserted against the FTX Debtors generally, or only those claims asserted by BlockFi, is an important issue impacting the FTX Debtors and their creditors. Recognizing the substantial connections between the Emergent Debtor and the FTX Debtors, the Emergent Debtor has filed a motion requesting that the Court jointly administer this case with those of the FTX Debtors,[4] to which BlockFi does not object (assuming the Motion to Dismiss is denied).

15. The low bar set by Section 1109's statement that a "party in interest . . . may appear and be heard on any issue in a case under this chapter" is obviously met. The FTX Debtors respectfully submit no further response to the Motion to Strike is required.

## CONCLUSION

16. For the reasons stated above, the Court should deny the Motion to Strike.

---

[4] *See Debtor's Motion for Entry of an Order (I) Directing Joint Administration of its Chapter 11 Case and (II) Granting Related Relief* [D.I. 38].

| | |
|---|---|
| Dated: March 13, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>        brown@lrclaw.com<br>        pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Matthew J. Porpora (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>        bromleyj@sullcrom.com<br>        gluecksteinb@sullcrom.com<br>        porporam@sullcrom.com<br>        kranzleya@sullcrom.com<br><br>*Counsel for the FTX Debtors* |