**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Emergent Fidelity Technologies Ltd.,[1] | Case No. 23-10149 (JTD) |
| Debtor. | (Joint Administration Requested) |
| | Ref. Docket No. 63 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE FTX DEBTORS TO BLOCKFI'S MOTION TO STRIKE**

The Official Committee of Unsecured Creditors (the "FTX Committee") in the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors (collectively, the "FTX Debtors"), currently pending in the United States Bankruptcy Court for the District of Delaware under jointly administered case number 22-11068 (JTD), hereby submits this objection (this "Objection") to *BlockFi's Motion to Strike (I) FTX Debtors' Opposition to BlockFi's Motion to Dismiss and (II) Joinder of the Official Committee of Unsecured Creditors of the FTX Debtors to the FTX Debtors' Opposition to BlockFi's Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case* [D.I. 63] (the "Motion to Strike"),[2] and in support of this Objection, respectfully submits as follows:

1. BlockFi's Motion to Strike, as it concerns the FTX Committee's Joinder to the *FTX Debtors' Opposition To BlockFi's Motion For Entry Of An Order Dismissing The Debtor's Chapter 11 Case* [D.I. 50] (the "Joinder"), is as legally unsound as it is unnecessary given the

---

[1] The Debtor in this chapter 11 case is Emergent Fidelity Technologies Ltd. ("Emergent" or the "Emergent Debtor"), a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Motion to Strike.

limited nature of the Joinder.³ The FTX Committee's Joinder does nothing more than advise the Court that the FTX Committee is in agreement with the FTX Debtors' positions as set forth in their opposition to BlockFi's motion to dismiss this bankruptcy case, and reserves the FTX Committee's right to be heard. That right arises from section 1109(b) of the Bankruptcy Code, which provides that the FTX Committee "may raise and may appear and be heard on any issue in a case under this chapter."

2. Although BlockFi argues that the FTX Committee's right to be heard does not extend beyond the FTX bankruptcy cases (Motion to Strike at 5, n.3), it ignores the fact that the Debtor here, Emergent, is an "affiliate" of one or more of the FTX Debtors, as that term is defined in section 101(2)(B) of the Bankruptcy Code. *See Debtor's Motion For Entry Of An Order (I) Directing Joint Administration Of Its Chapter 11 Case And (II) Granting Related Relief* (the "Joint Administration Motion") [D.I. 38], at ¶ 8. The Joint Administration Motion is pending and scheduled to be heard on March 14, 2023; notably, BlockFi has not objected to the requested relief should its Motion to Dismiss be denied.⁴ Accordingly, BlockFi does not dispute that the Debtor is an affiliate of one or more of the FTX Debtors. Contrary to BlockFi's contention, the FTX Committee is not appearing in just any other bankruptcy case; rather, it would indeed be an "absurd resul[t]"⁵ were the FTX Committee not permitted to be heard in a related bankruptcy case involving an affiliate of the FTX Debtors. *See, e.g., In re Global Indust. Technologies, Inc.,* 645 F.3d 201, 211 (3d Cir. 2011) ("party in interest" under section 1109(b) is "one who 'has a sufficient

---

3   The FTX Committee joins in the FTX Debtors objection to the Motion to Strike and writes separately solely to respond to the portions of the Motion to Strike that specifically address the FTX Committee's right to be heard.

4   *See BlockFi's Limited Objection To The Debtors' Motion For Entry Of An Order (I) Directing Joint Administration Of Its Chapter 11 Case And (II) Granting Related Relief* [Docket No. 58].

5   Motion to Strike at 5, n. 3.

stake in the proceeding so as to require representation'"; holding that Article III standing and standing under the Bankruptcy Code are effectively coextensive).[6]

WHEREFORE the FTX Committee requests that this Court deny the Motion to Strike, and grant such other and further relief as the Court finds just and appropriate.

Dated: March 13, 2023
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert F. Poppiti, Jr.*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
       rpoppiti@ycst.com

-and-

PAUL HASTINGS LLP
Kristopher M. Hansen*
Luc A. Despins, Esq.*
Kenneth Pasquale*
Isaac Sasson*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
       lucdespins@paulhastings.com
       kenpasquale@paulhastings.com
       isaacsasson@paulhastings.com

*\*Admitted pro hac vice*

*Counsel to the Official Committee of Unsecured Creditors of FTX Trading Ltd. et al.*

---

[6] The cases cited by BlockFi contending that a "creditor of a creditor" lacks standing to appear are inapposite (*see* Motion to Strike at 5, ¶ 14); none of those cases reference a creditors' committee's right to be heard under section 1109(b) of the Bankruptcy Code in the bankruptcy case of an affiliate of a debtor.