# **EXHIBIT B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Emergent Fidelity Technologies Ltd, | ) Case No. 23-10149 (JTD) |
| | ) |
| Debtor.¹ | ) |
| | ) |

**ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF MORGAN, LEWIS & BOCKIUS LLP
AS ATTORNEYS FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Upon the application ("Application")² of Emergent Fidelity Technologies Ltd, as debtor and debtor-in-possession (the "Debtor"), for entry of an order (the "Order") authorizing the Debtor to retain and employ Morgan, Lewis & Bockius LLP ("Morgan Lewis") as its bankruptcy counsel effective as of the Petition Date; and the Court having reviewed the Application, the declaration of Craig A. Wolfe (the "Wolfe Declaration"), **the supplemental Wolfe Declaration**, and the declaration of Angela Barkhouse (the "Barkhouse Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

---

¹ The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission.  The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

² Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Morgan, Lewis & Bockius LLP as Attorneys for the Debtor Effective as of the Petition Date* (the "Application") **[D.I. 56] or the supplemental declaration [D.I. 84], as applicable**.

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no or further notice is necessary; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and a hearing (if any) having been held to consider the relief requested in the Application and upon the record of the hearing and all proceedings had before this Court; and the Court having found based on the representations made in the Application and attachments thereto, including the Declarations, that (a) Morgan Lewis does not hold or represent an interest adverse to the Debtor's estate and (b) Morgan Lewis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is necessary and in the best interests of the Debtor's estate~~, its creditors, and other parties in interest~~; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to retain and employ Morgan Lewis as its attorneys effective as of the Petition Date in accordance with the terms and conditions set forth in the Application, the Wolfe Declaration, **the supplemental Wolfe Declaration,** and the Barkhouse Declaration.

3. Morgan Lewis is authorized to provide the Debtor with the professional services described in the Application which include, without limitation, the following:

    a. taking all necessary action to protect and preserve the estate of the Debtor, including the prosecution of any actions on the Debtor's

behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

b. providing legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the continued operation of its business;

c. assisting the Debtor with investigating all potential estate causes of action;

d. advising the Debtor with respect to the potential sale of its assets and negotiating and preparing on the Debtor's behalf all agreements related thereto;

e. attending meetings and negotiating with representatives of creditors and other parties-in-interest;

f. negotiating, preparing, soliciting, and otherwise pursuing confirmation of a plan and any other restructuring alternative;

g. preparing and prosecuting on behalf of the Debtor, as debtor-in-possession, necessary motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtor's estate;

h. advising the Debtor with respect to certain corporate, financing, and tax matters as requested by the Debtor;

i. appearing in court and protecting the interests of the Debtor before the U.S. courts, including this Court;

j. reviewing all pleadings filed in this Chapter 11 Case; and

k. performing all other legal services in connection with this Chapter 11 Case as may reasonably be required.

4. Morgan Lewis shall use its best efforts to avoid any duplication of services provided by such other professionals as may be retained by the Debtor in this Chapter 11 Case.

3

5. Morgan Lewis shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable fee guidelines and any interim compensation orders entered by this Court.

6. ~~Morgan Lewis's hourly rates for its paralegals and attorneys as set forth in the Application and Wolfe Declaration are reasonable, and the~~**The** retention of Morgan Lewis as counsel to the Debtor, in accordance with Morgan Lewis's normal hourly rates as set forth in the Wolfe Declaration, is hereby approved. Compensation and reimbursement for out-of-pocket expenses to be paid to Morgan Lewis shall be paid as an administrative expense of the Debtor's estate in such amounts as shall be allowed and determined upon appropriate applications to the Court pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all applicable orders and procedures as may be fixed by the Court. **In each interim fee application and final fee application it files, Morgan Lewis intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures** as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*.

7. Prior to any increases in Morgan Lewis's rates, as set forth in the Application, Morgan Lewis shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor and the Office of the United States Trustee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.

8. Morgan Lewis shall apply any remaining amounts of its prepetition retainer from the Debtor as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Morgan Lewis.

9. Morgan Lewis shall not use independent contractors or subcontractors to perform the services of attorneys for the Debtor without separate Court approval.

10. Morgan Lewis shall not charge the Debtor's estate overtime for services performed by Morgan Lewis personnel.

**11. For the avoidance of doubt, the Debtor shall be solely liable for the payment and/or reimbursement of the fees and expenses of Morgan Lewis as described in this Order, and the debtors in the FTX chapter 11 cases also pending before this Court shall have no liability in respect thereof and are not authorized to pay and/or reimburse the fees and expenses of Morgan Lewis pursuant to this Order (and such fees and expenses shall not be deemed to be an administrative expense of the debtors in the FTX chapter 11 cases).**

**12. The liability provision on page 4 of the Engagement Letter shall have no force or effect during the pendency of the Emergent Chapter 11 Case.**

**13. The scope of Morgan Lewis' employment as counsel to the Debtor shall be limited to advising the Debtor pursuant to this Order.**

14. ~~11.~~ To the extent that the Application and the declarations and attachments thereto are inconsistent with this Order, the terms of this Order shall govern.

15. ~~12.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5

**16.** ~~13.~~ The Debtor and Morgan Lewis are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

**17.** ~~14.~~ The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2023
Wilmington, Delaware

_____
JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE