**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*, | ) | Case No. 22-11068 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Emergent Fidelity Technologies Ltd, | ) | Case No. 23-10149 (JTD) |
| | ) | |
| Debtor.[2] | ) | |

**INTERIM ORDER (I) AUTHORIZING JOINT ADMINISTRATION OF
THE DEBTOR'S CHAPTER 11 CASE AND (II) GRANTING RELATED RELIEF**

Upon the *Motion for Entry of an Order (I) Authorizing Joint Administration of its Chapter 11 Case and (II) Granting Related Relief* (the "Motion")[3] of Emergent Fidelity Technologies Ltd, as debtor and debtor-in-possession (the "Emergent Debtor"), for entry of an order (the "Interim Order") (a) authorizing joint administration of the above-referenced chapter 11 case (the "Emergent Chapter 11 Case") with the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors," together with the Emergent Debtor, the "Debtors") (the "FTX Chapter 11 Cases," together with the Emergent Chapter 11 Case, the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

"Chapter 11 Cases") and the consolidation thereof for procedural purposes only and (b) granting related relief; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Emergent Debtor is an affiliate of the FTX Debtors under 11 U.S.C. § 101(2); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing; and the legal and factual bases set forth in the Motion establishing just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **May 17, 2023, at 1:00 p.m., prevailing Eastern Time**.

3. The FTX Debtors shall serve this Interim Order, the Motion and any declaration(s) filed in support of the Motion on all parties that requested notice in the FTX Chapter 11 Cases pursuant to Bankruptcy Rule 2002 by **April 10, 2023**.

2

4. The Emergent Debtor shall serve this Interim Order and any declaration(s) filed in support of the Motion on all parties that requested notice in the Emergent Chapter 11 Case pursuant to Bankruptcy Rule 2002 by **April 10, 2023**.

5. Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on April 24, 2023**, and shall be served on: (a) proposed counsel to the Debtor, Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178, Attn: Craig A. Wolfe (craig.wolfe@morganlewis.com); (b) counsel to the FTX Debtors, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Brian D. Glueckstein (gluecksteinb@sullcrom.com), and Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Kimberly A. Brown (brown@lrclaw.com); (c) counsel to the Official Committee of Unsecured Creditors of the FTX Debtors, Paul Hastings LLP, 200 Park Ave, New York, NY 10166, Attn: Attn: Kris Hansen (krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com) and Gabe Sasson (gabesasson@paulhastings.com), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Robert F. Poppiti, Jr. (rpoppiti@ycst.com); and (d) the Office of the United States Trustee for Region 3, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet M. Sarkessian (Juliet.M.Sarkessian@usdoj.gov).  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

6. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Chapter 11 Cases are consolidated for procedural and administrative purposes only, in accordance with the terms hereof.

7. The Debtors are hereby authorized, but not required, to share the services of Kroll Restructuring Administration LLC (the "Claims Agent") solely as the claims and noticing agent pursuant to the Claims Agent Retention Order entered in the FTX Chapter 11 Cases, on mutually agreeable terms without further order of the Court, to the extent it promotes procedural convenience and cost efficiencies; provided that (a) the Emergent Debtor shall comply with all applicable requirements of a chapter 11 debtor, including, without limitation, filing its own monthly operating reports and maintaining separate books and records to ensure that the assets and liabilities of the Emergent Debtor's estate remain separate from the estates of the FTX Debtors; and (b) the Emergent Debtor shall cooperate and consult in good faith with the Official Committee of Unsecured Creditors of the FTX Debtors and any other statutory committee that may be appointed in the FTX Chapter 11 Cases.

8. Each of the FTX Debtors, on the one hand, and the Emergent Debtor, on the other hand, shall bear the costs and expenses of its own legal advisors and other professionals. The FTX Debtors may decline to make the services of the Claims Agent available to the Emergent Debtor at any time and for any reason. If the FTX Debtors share the services of the Claims Agent with the Emergent Debtor, the Emergent Debtor shall automatically and without further order of the Court be obligated to reimburse the FTX Debtors on demand for any fees and expenses actually incurred by the FTX Debtors that are reasonably attributed to incremental services performed for the Emergent Debtor, and any claim for such reimbursement shall be entitled to superpriority administrative expense status under sections 503(b) and 507(b) of the Bankruptcy Code; provided that the right of any party in interest to challenge the reasonableness of such fees and expenses or the reasonableness of such attribution are preserved.

9. Unless an urgent hearing is required on less than regular notice, all other matters requiring a hearing in the Emergent Chapter 11 Case shall be heard at periodic omnibus hearings ("Omnibus Hearing") scheduled in the FTX Chapter 11 Cases, unless otherwise ordered by the Court.

10. For each Omnibus Hearing in the FTX Chapter 11 Cases, the Debtors shall coordinate on the preparation and filing of a single consolidated hearing agenda that shall include all matters to be heard at such Omnibus Hearing.

11. The consolidated caption of the jointly administered cases shall remain as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Lead Case) |
| | (Jointly Administered) |

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

12. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n), or such requirements are hereby otherwise waived.

13. A docket entry shall be made in the Emergent Chapter 11 Case substantially as follows:

> An order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural

5

consolidation and joint administration of this chapter 11 case with the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of FTX Trading Ltd., Case No. 22-11068 (JTD) and such docket should be consulted for all matters affecting this chapter 11 case.

14. One consolidated docket, one file and one consolidated service list shall be maintained by the FTX Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the FTX Debtors in the FTX Chapter 11 Cases.

15. While the foregoing consolidated service list shall be maintained pursuant to this Interim Order, nothing herein shall (a) modify the Debtors' ability to limit notice, if permitted under Local Rule 2002-1(b) or otherwise ordered by the Court, of any and all reports, documents, pleadings or other filings related to the Chapter 11 Cases to those parties directly affected and to those interested parties which have requested notice pursuant to Fed. R. Bankr. P. 2002, as necessary, or (b) require any interested party to serve any and all reports, documents, pleadings or other filings related to the Emergent Chapter 11 Case on the consolidated service list.

16. Nothing contained in the Motion or this Interim Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases, and unless and until the Court orders otherwise, the Emergent Debtor shall take all reasonable and necessary steps to ensure that its assets and liabilities remain separate from those of the FTX Debtors.

17. Pursuant to Local Rule 1015-1, this Interim Order may be reconsidered upon motion of any party in interest.

18. Nothing in this Interim Order makes any order(s) entered in the FTX Chapter 11 Cases prior to the date of this Interim Order applicable to the Emergent Chapter 11 Case.

19. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

20. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

Dated: _____, 2023
Wilmington, Delaware

_____
JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE