**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FTX TRADING LTD., *et al.*, | ) Case No. 22-11068 (JTD) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| Emergent Fidelity Technologies Ltd, | ) Case No. 23-10149 (JTD) |
| | ) |
| Debtor.[2] | ) |
| | ) |

**FINAL ORDER (I) AUTHORIZING JOINT ADMINISTRATION OF THE EMERGENT
DEBTOR'S CHAPTER 11 CASE AND (II) GRANTING RELATED RELIEF**

Upon the *Motion for Entry of an Order (I) Authorizing Joint Administration of its Chapter 11 Case and (II) Granting Related Relief* (the "Motion")[3] of Emergent Fidelity Technologies Ltd, as debtor and debtor-in-possession (the "Emergent Debtor"), for entry of an order (the "Final Order") (a) authorizing joint administration of the above-referenced chapter 11 case (the "Emergent Chapter 11 Case") with the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors," together with the Emergent Debtor, the "Debtors") (the "FTX Chapter 11 Cases," together with the Emergent Chapter 11 Case, the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The Debtor in this Chapter 11 case is Emergent Fidelity Technologies Ltd, a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. The Debtor's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion [D.I. 38, Case No. 23-10149].

"Chapter 11 Cases") and the consolidation thereof for procedural purposes only and (b) granting

related relief; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order

consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases

and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this

matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that

the Emergent Debtor is an affiliate of the FTX Debtors under 11 U.S.C. § 101(2); and this Court

having found that proper and adequate notice of the Motion and the relief requested therein has

been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as

otherwise ordered herein, no other or further notice is necessary; and the Court having held a

hearing on March 14, 2023 to consider the relief requested in the Motion on an interim basis (the

"Interim Hearing"); and upon the Court having entered an order granting the relief requested in

the Motion on an interim basis (the "Interim Order") [D.I. 88, Case No. 23-10149; D.I. 1246, Case

No. 22-11068], and scheduling a final hearing to consider the Motion on May 17, 2023; and upon

the certificate of no objection to entry of the Final Order; and upon the record of the Interim

Hearing; and the legal and factual bases set forth in the Motion establishing just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** on a final basis as set forth herein.

2.    Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and

Local Rule 1015-1, the Chapter 11 Cases are consolidated for procedural and administrative

purposes only, in accordance with the terms hereof.

3.     The Debtors are hereby authorized, but not required, to share the services of Kroll Restructuring Administration LLC (the "Claims Agent") solely as the claims and noticing agent pursuant to the Claims Agent Retention Order entered in the FTX Chapter 11 Cases, on mutually agreeable terms without further order of the Court, to the extent it promotes procedural convenience and cost efficiencies; provided that (a) the Emergent Debtor shall comply with all applicable requirements of a chapter 11 debtor, including, without limitation, filing its own monthly operating reports and maintaining separate books and records to ensure that the assets and liabilities of the Emergent Debtor's estate remain separate from the estates of the FTX Debtors; and (b) the Emergent Debtor shall cooperate and consult in good faith with the Official Committee of Unsecured Creditors of the FTX Debtors and any other statutory committee that may be appointed in the FTX Chapter 11 Cases.

4.     Each of the FTX Debtors, on the one hand, and the Emergent Debtor, on the other hand, shall bear the costs and expenses of its own legal advisors and other professionals.  The FTX Debtors may decline to make the services of the Claims Agent available to the Emergent Debtor at any time and for any reason.  If the FTX Debtors share the services of the Claims Agent with the Emergent Debtor, the Emergent Debtor shall automatically and without further order of the Court be obligated to reimburse the FTX Debtors on demand for any fees and expenses actually incurred by the FTX Debtors that are reasonably attributed to incremental services performed for the Emergent Debtor, and any claim for such reimbursement shall be entitled to superpriority administrative expense status under sections 503(b) and 507(b) of the Bankruptcy Code; provided that the right of any party in interest to challenge the reasonableness of such fees and expenses or the reasonableness of such attribution are preserved.

5.     Unless an urgent hearing is required on less than regular notice, all other matters requiring a hearing in the Emergent Chapter 11 Case shall be heard at periodic omnibus hearings

("Omnibus Hearing") scheduled in the FTX Chapter 11 Cases, unless otherwise ordered by the Court.

6.      For each Omnibus Hearing in the FTX Chapter 11 Cases, the Debtors shall coordinate on the preparation and filing of a single consolidated hearing agenda that shall include all matters to be heard at such Omnibus Hearing.

7.      The consolidated caption of the jointly administered cases shall remain as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>FTX TRADING LTD., *et al.,*[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Lead Case)<br><br>(Jointly Administered) |
| --- | --- |

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

8.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n), or such requirements are hereby otherwise waived.

9.      One consolidated docket, one file and one consolidated service list shall be maintained by the FTX Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the FTX Debtors in the FTX Chapter 11 Cases.

10.     While the foregoing consolidated service list shall be maintained pursuant to this Final Order, nothing herein shall (a) modify the Debtors' ability to limit notice, if permitted under Local Rule 2002-1(b) or otherwise ordered by the Court, of any and all reports, documents,

pleadings or other filings related to the Chapter 11 Cases to those parties directly affected and to those interested parties which have requested notice pursuant to Fed. R. Bankr. P. 2002, as necessary, or (b) require any interested party to serve any and all reports, documents, pleadings or other filings related to the Emergent Chapter 11 Case on the consolidated service list.

11.     Nothing contained in the Motion or this Final Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases, and unless and until the Court orders otherwise, the Emergent Debtor shall take all reasonable and necessary steps to ensure that its assets and liabilities remain separate from those of the FTX Debtors.

12.     Nothing in this Final Order makes any order(s) entered in the FTX Chapter 11 Cases prior to the date of this Final Order, except for the Interim Order, applicable to the Emergent Chapter 11 Case.

13.     The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Final Order.

14.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Final Order.

**Dated: May 10th, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

5